(No. 33418.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SILAS POTTER, Plaintiff in Error.

*Opinion filed March 24, 1955.*

WILLIAM J. CALLAHAN, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, LEO POCH, and ROBERT J. SMITH, of counsel,) for the People.

Mr. Justice Hershey delivered the opinion of the court:

Plaintiff in error, Silas Potter, hereinafter referred to as the defendant, was indicted for the crime of reckless homicide. On arraignment before the criminal court of Cook County, he presented an oral motion to quash the indictment and afterward entered a plea of not guilty. Later, the not guilty plea was withdrawn and a written motion to quash the indictment was filed. Upon denial of that motion, the cause was called for trial. The defendant then waived a jury, pleaded not guilty and was tried by the court. The court found him guilty and sentenced him to the penitentiary for a term of not less than one year nor more than one year and one day. It is from this sentence that the defendant now prosecutes a writ of error.

The first contention of the defendant is that the indictment is not sufficiently specific so as to advise him of the nature of the accusation or to state an offense punishable under the Reckless Homicide Act (Ill. Rev. Stat. 1951, chap. 38, par. 364a,) and therefore violates section 9 of article II of the Illinois constitution.

The statute provides: "Any person who drives a vehicle with reckless disregard for the safety of others and thereby causes the death of another person shall be guilty of the offense of reckless homicide." We have held that the offense to be punished is sufficiently definite and certain when assaulted upon constitutional grounds. (*People* v. *Garman,* 411 Ill. 279.) In the latter case we also said that this statute created a new crime and was not the same as common-law manslaughter.

While the offense to be punished may be set forth with sufficient certainty and definiteness in the statute to satisfy constitutional requirements, it does not follow that an indictment, substantially in the language of the act, is sufficient to advise the defendant of the nature of the accusation or to state an offense punishable under said

statute as required by section 9 of article II of the constitution. Rather, when the statute creating the offense does not describe the act or acts which compose it, they must be specfically averred in the indictment or information. See *People* v. *Brown,* 336 Ill. 257.

The indictment in this case charged that the defendant unlawfully, recklessly and wantonly made an assault in and upon the body of one Theresa Ficaro; that he unlawfully, wantonly and recklessly operated and drove at an excessive rate of speed a certain vehicle, in the city of Chicago, at Wentworth Avenue and Sixty-sixth Street, with reckless disregard for the safety of others, into and against an automobile which was being operated and driven by one Robert Smith, and in which the said Theresa Ficaro was riding; and that by reason of the collision of the said vehicles, which was due to said reckless driving, Theresa Ficaro was fatally injured.

The phrase "reckless disregard for the safety of others" as used in this statute has a common-law definition of its own, descriptive of the conduct constituting the crime. (*People* v. *Garman,* 411 Ill. 279.) In general, one's conduct is in reckless disregard of the safety of another if he intentionally does an act or fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize that his conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to the other. Restatement of the Law of Torts, sec. 500; *State.* v. *Beckman,* 219 Ind. 176; *Idol* v. *State.* (Ind.) 119 N.E. 2d 428.

The conduct condemned by the statute is the driving of a vehicle with reckless disregard for the safety of others resulting in the death of another person. The charge in the indictment, while phrased in the language of the statute, also described definite overt acts particularizing

the conduct. The defendant is said to have driven at an excessive rate of speed at a particular time and place, which conduct resulted in the death of another. The indictment is thus sufficient to inform the defendant of the nature of the offense and the acts he is alleged to have committed in the commission thereof, thereby enabling him to prepare his defense. The motion to quash was therefore properly overruled.

It is next contended by the defendant that the conviction was not supported by the evidence. The record shows that on the morning of September 15, 1952, at about 1:20 A.M., the defendant was driving a Chicago Transit Authority bus in a southerly direction on Wentworth Avenue and approaching the intersection of Sixty-sixth Street. There were no traffic signs at the intersection. At the same time an automobile, in which Theresa Ficaro was a passenger, was being driven east on Sixty-sixth Street approaching the intersection of Wentworth Avenue. The bus, which the defendant was driving, had completed its run for the day, having previously discharged its passengers at Sixty-third Street and Wentworth, and was proceeding south on Wentworth Avenue toward the bus depot at Seventy-seventh Street. The only other traffic on Wentworth Avenue, a main artery of traffic with a streetcar line, was a cab traveling south at a speed of 10 to 17 miles per hour, which the bus passed somewhere between Sixty-third and Sixty-fifth street. The automobile, which was traveling in an easterly direction on Sixty-sixth Street, collided with the bus at the center of the intersection. The points of contact were the right front corner of the bus and the rear part of the left front fender of the automobile. The only skid marks on the street ran from north to south for approximately ten feet beginning north of the center of Sixty-sixth Street. Both vehicles came to rest, with the front of each in substantially the same position, at a distance of 75 feet south of the Sixty-sixth Street line

and a few feet east of the east curb of Wentworth Avenue. The evidence is clear that both vehicles were in the proper lane of traffic before the collision. As hereinabove observed there were no stop or slow signs at the intersection, but Wentworth was posted at 25 miles per hour.

The driver of the cab which the bus had passed, who testified for the State, said the bus was going 45 to 50 miles per hour when it passed him a block and a quarter to a block and a half before the scene of the impact. The driver indicated that his own speed was then between 15 to 17 miles per hour. He could not state how fast the bus was going at the time of the impact, although he continued to watch it after it passed him until the time of the collision. The cab driver likewise testified that he saw the automobile proceeding in an easterly direction on Sixty-sixth Street and that it did not stop while he watched it but continued to cross Wentworth Avenue. He speculated that the speed of the automobile was between 5 and 15 miles per hour. It was developed on cross-examination that at the time of the impact the cab driver was entering a viaduct some three-quarters of a block from the scene.

The only other eyewitness for the State, a boy 17 years of age at the time of the collision, testified that he was on a cot on the front porch of his home, which is the fourth house north of the intersection on the east side of Wentworth Avenue. He stated that he saw the bus pass his house at a speed estimated by him as approximately 45 miles per hour. The cross-examination of this witness causes one to question his ability to judge speed, and his testimony in other respects was contradicted by each of the other witnesses heard at the trial.

An occurrence witness for the defendant, a postal transportation clerk, was taking a young lady home who lived on Sixty-sixth Street east of Wentworth Avenue, and he and the young lady were seated in the front seat of his

parked automobile facing west on the north side of Sixty-sixth Street about 100 to 150 feet east of Wentworth Avenue. This witness testified that he noticed the automobile when it was west of the intersection and that he saw the bus when it was north of the point of impact. He said that the bus was going at a speed of 25 to 30 miles per hour and that the automobile was traveling at a speed of approximately 45 miles per hour. He watched the two vehicles approach each other. He heard the bus brakes squeal and saw it swerve to the left. His testimony indicated that the automobile kept coming straight and that they met in the corner of the intersection. The defendant, testifying in his own behalf, gave a version of the incident substantially the same as that of the postal transportation clerk.

There were no other eyewitnesses produced, and the other witnesses called did not give any testimony relative to the facts and circumstances surrounding the collision as such.

A review of the evidence in this case leads to the conclusion that the reckless conduct of the defendant, if any, must rest upon his driving in excess of the speed limit. This fact alone, however, does not constitute criminal negligence, nor does it constitute willful and wanton misconduct. (*People* v. *Anderson,* 310 Ill. 389; *Clarke* v. *Storchak,* 384 Ill. 564.) This is also true in other jurisdictions having statutory provisions similar to our Reckless Homicide Act. See *People* v. *Gardner,* 8 N.Y.S. 2d 917.

The uncontroverted testimony in this case discloses that the defendant was proceeding down a main thoroughfare with a streetcar line, without any traffic in front of him, when suddenly an automobile came out of a side street and the collision occurred. The proximate cause of the collision could conceivably have been and, indeed, probably was the unexpected conduct of the automobile driver in

driving onto a main thoroughfare from a side street. It cannot be said that the failure of the defendant to anticipate this action on the part of the automobile driver was reckless. Actually, the conduct of the defendant, under the circumstances, is not shown beyond a reasonable doubt to even have been negligent. In such case, where the acts are attributable to either innocent or criminal cause, the innocent hypothesis will be adopted. *People* v. *Lynn,* 385 Ill. 165.

The evidence in this case raises little more than a suspicion against the accused and leaves a grave and serious doubt of any conduct on his part that would constitute reckless disregard for the safety of others. For that reason the judgment of the criminal court of Cook County is reversed.

*Judgment reversed.*