**People of the State of Illinois, Plaintiff-Appellee, v. John F. Prendergast, Junior, a/k/a John F. Pendergast, Junior, Defendant-Appellant.**

**Gen. No. 51,724.**

First District, First Division.

April 15, 1968.

Edward J. Bradley, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Defendant was indicted for the crime of reckless homicide and after waiving trial by jury was found guilty by the trial judge. He was placed on probation upon the condition that he not be allowed to drive an automobile in Illinois until he reached the age of 21. He now prosecutes this appeal claiming only that the evidence was not sufficient to establish his guilt beyond a reasonable doubt.

Defendant was a 16-year-old high school student, who was out riding in his mother's automobile along with two school friends. The accident which gave rise to the instant indictment occurred on Northwest Highway near the Village Green Shopping Center in Park Ridge, Illinois. Northwest Highway is a four-lane highway running in a northwest-southeast direction. The Village Green Shopping Center is located on the west side of the highway. Defendant was familiar with the area around the shopping center and was also aware that the speed limit was 35 miles per hour. Although the area is not residential, there are homes across the street and down the block from the shopping center. The collision occurred at about 12:30 p. m. on a bright, clear sunny day.

Mrs. Melendy, driving westbound on a side street just north of the shopping center, came to a stop at the intersection between Northwest Highway and the side street. She looked in both directions and upon seeing no traffic proceeded to cross the northwest bound lanes and make a left turn into the southeast bound lanes. Her intention was to go into the curb lane and enter the shopping center, where she was employed. As she prepared to go over into the curb lane, she heard the squeal-

ing of tires behind her and at that instant a car pulled over on her right and passed her at a very high speed. This occurred about 35 feet southeast of the side street and about at the middle of the area covered by the shopping center. Mrs. Melendy estimated defendant's speed, as he passed her on the right, at about 60 miles per hour.

Mrs. Edna Meyer was northwest bound on Northwest Highway. She had come to a stop preparing to make a left turn into the shopping center. In the car she was driving were her father, her aunt and her granddaughter. As she made her left hand turn across the southeast lanes of the highway, she was struck by defendant's car and her three passengers were all killed. The collision occurred in the curb lane of the southeast bound lanes. At the time of the trial, Mrs. Meyer was unable to recall how the accident happened.

Another student, who attended defendant's high school, testified that he saw defendant's car southeast bound on the Northwest Highway at an intersection about ten blocks west of the shopping center. Defendant was stopped for a traffic signal and, when the light changed, accelerated at a rapid rate of speed, estimated at approximately 60 miles per hour.

A carpenter, standing near his truck, about 250 yards northwest of the shopping center, saw the defendant's car driving southeast on the highway and estimated its speed at approximately 80 miles per hour. He observed defendant's car swerve around Mrs. Melendy's car and strike the Meyer automobile.

A Park Ridge police officer testified that skid marks left at the scene of the collision by defendant's car measured 38 feet and six inches. Further, the car came to rest forty-three feet and 2 inches from the point of impact.

Defendant argues that the only evidence against him in the instant case is that he was travelling at an ex-

cessive rate of speed and that this factor alone cannot substantiate the finding of guilty on a charge of reckless homicide. The statute provides that if a person causes the death of another while driving an automobile, he is guilty of reckless homicide if "his acts whether lawful or unlawful which cause the death are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly." (Ill Rev Stats 1965, c 38, § 9–3(a).)

Defendant relies on People v. Potter, 5 Ill2d 365, 125 NE2d 510 (1955), to sustain his argument that speed alone will not constitute reckless homicide. However, in the instant case, we have more than just excessive speed. Defendant was driving in an area which he was familiar with. There was a large shopping center where large numbers of people and vehicular traffic were to be expected. Defendant's speed was anywhere from 25 to 45 miles over the speed limit.

Defendant attempts to pass the blame for the accident on Mrs. Melendy, claiming that she emerged into the southeast bound lanes of Northwest Highway, thereby obstructing his view of Mrs. Meyer and of northbound traffic. He also argues that Mrs. Melendy's actions forced him to swerve around her which caused him to strike the Meyer automobile. However, Mrs. Melendy testified that she observed traffic in both directions before entering into Northwest Highway and it was only because of defendant's excessive speed that he was forced into swerving around her. This distinguishes the instant case from People v. Potter, supra, where at about 1:20 a. m., a car suddenly appeared from a side street into a path of a bus. Estimates of the bus driver's speed ranged from 15 to 50 miles per hour in a 25 mile per hour zone and on a main thoroughfare without any traffic in front of him.

In conclusion we feel that defendant's conduct by excessively speeding in an area immediately adjacent to a

44

large shopping center at the noon hour, continuing at that inordinate rate of speed after swerving around an automobile, striking another automobile and killing three persons, is conduct which may properly be classified as criminal recklessness and his conviction for reckless homicide was proper.

For the foregoing reasons, the judgment of the Circuit Court of Cook County, Criminal Division, is affirmed.

Judgment affirmed.

BURMAN, P. J. and MURPHY, J., concur.