THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GARY L. CLARK *et al.*, Defendants-Appellants.

(Nos. 70-45, 70-46;

Second District—November 18, 1970.

Canfield, Canfield, Franks, Wylde & Hoad, of Rockford, for appellants.

John B. Roe, State's Attorney, of Oregon, (William H. Snively, Assistant State's Attorney, of Rockford, of counsel,) for the People.

Mr. PRESIDING JUSTICE DAVIS delivered the opinion of the court:

The defendants Gary L. Clark and Tobie M. Grover, were separately indicted by the same Ogle County Grand Jury for the crime of reckless homicide. They filed motions to quash the respective indictments, but the trial court held that the language of the indictments was sufficient to charge the crime against both of the defendants. A motion by the State to combine and hear the two cases in a single trial was granted over the objection of both of the defendants. At the trial each defendant testified and the jury found that both of them were guilty. Post-trial motions were filed and denied; applications were made for probation and each defend-

ant was placed on probation for five years, conditioned upon each defendant spending the first six months of the probationary period in the State Reformatory at Vandalia. Both of the defendants have now appealed to this court.

The defendants contend: (1), That the indictments failed to state the nature of the charge against them as required by Section 9 of Article II of the Illinois Constitution; and (2), that joinder of the indictments for trial was erroneous. The defendant Clark further asserts that he was not proven guilty beyond a reasonable doubt, and that he was arbitrarily denied a release on probation by being compelled to spend the first six months of his sentence at Vandalia.

The Criminal Code provides:

"A person who kills an individual without lawful justification commits involuntary manslaughter if his acts whether lawful or unlawful which cause the death are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly.

"If the acts which cause the death consist of the driving of a motor vehicle, the person may be prosecuted for reckless homicide or if he is prosecuted for involuntary manslaughter, he may be found guilty of the included offense of reckless homicide." Ill. Rev. Stat. 1969, ch. 38, par. 9—3(a)(b).

The indictment returned against Clark alleged that he committed the offense of reckless homicide in that he did "operate a motor vehicle on a public highway in such a reckless manner that he lost control of the said vehicle and struck a motor vehicle operated by Connie T. Bowen, causing the said vehicle operated by Connie T. Bowen to go out of control and hit a tree, and thereby causing injury to Connie T. Bowen that resulted in the death of the said Connie T. Bowen."

The indictment returned against Grover alleged that he committed the offense of reckless homicide in that he did "operate a motor vehicle on a public highway in such a reckless manner that he lost control of the said vehicle and struck a motor vehicle being operated by Gary L. Clark, which struck a motor vehicle being operated by Connie T. Bowen causing the said vehicle being operated by Connie T. Bowen to go out of control and hit a tree, and thereby causing injury to Connie T. Bowen that resulted in the death of the said Connie T. Bowen."

■■ It, thus, appears that both indictments are substantially in the words of the statute, and that they further particularized the acts which were alleged to have constituted the offense to a degree which was sufficient for the defendants to prepare their respective defenses, and to plead any resulting judgment as a bar of any subsequent prosecution for

the same offense. They are, therefore, sufficient. *People v. Potter* (1955), 5 Ill.2d 365, 367, 368; *People v. Mowen* (1969), 109 Ill.App.2d 62, 68, 69.

Prior to the trial, the State filed a motion for joinder of related prosecutions pursuant to Section 114—7 of the Code of Criminal Procedure. (Ill. Rev. Stat. 1969, ch. 38, par. 114—7.) Both of the defendants filed pleadings opposing the joinder. The State's motion, however, was granted. The objections of Grover pointed out to the court that the State had filed with the court, written statements taken from both of the defendants; that the statement of Clark confessed wrongdoing on his part and charged wrongdoing on the part of Grover; and that, in event the prosecutions were joined, the statement of Clark would be admissible as to him and would prejudice the defense of Grover.

The material allegations of wrongdoing contained in Clark's statement as they related to Grover were: that it was Clark's opinion that, immediately prior to the collision, both cars were traveling in excess of 80 m.p.h.; that he, Clark, while driving his car at a speed of from 90 to 100 m.p.h., had passed the Grover car which was going about 85 to 90 m.p.h.; that he, Clark, then slowed his car down to about 80 m.p.h. because of the car in front of him; and that Grover then passed him and the accident occurred. At the trial, Clark's statement was admitted in evidence and allowed to go to the jury as an exhibit.

■■ An examination of Grover's statement leads us to believe that, irrespective of any other evidence at the trial, no implications of conduct sufficient to constitute reckless homicide could be inferred from his statement. Under this state of facts, we believe the court erred in not granting Grover's motion for a severance. The Supreme Court in *People v. Clark* (1959), 17 Ill.2d 486, at pages 489 and 490 stated:

"The general rule is that those indicted jointly for the commission of a crime are to be tried together, and the matter of granting a separate trial is within the sound discretion of the trial court. (Citations.) But this is a judicial and not an arbitrary discretion, (citation) and where the circumstances are such that a defendant will be deprived of a fair trial if jointly tried, a severance must be ordered. (Citations.) Confessions or admissions made by an accomplice outside the presence of a defendant are not admissible against the latter whether or not the parties are jointly tried, and we have repeatedly held that when a motion for separate trial is based on the fact that a codefendant's confession implicates the moving defendant, a severance should be granted unless the prosecution declares that the admissions or confessions will not be offered in evidence at the time of trial, or if offered, that there will be eliminated therefrom any and all reference

to the party applying for a severance. [Citations.]" Also see: *People v. Miller* (1968), 40 Ill.2d 154, 158, 159.

Thus, as to Grover, we believe the denial of the motion to sever deprived him of a fair trial, and, as to him, the cause must be reversed and remanded for a new trial.

■■ Clark also moved for a severance. His motion and his opposition to the consolidation of the defendants' cases for trial was to the effect that his defense was antagonistic and incompatible to that of Grover. (See: *People v. Battle* (1969), 116 Ill.App.2d 375, 383, 384.) However, we found nothing in the record to indicate the validity of such contention. As to Clark, we believe that the court did not err in denying his motion for severance, and, therefore, we must consider whether there was sufficient evidence to sustain his conviction.

Grover notified the Sheriff's office of the accident, but did not then admit that he had been involved in it. The next day, however, both Grover and Clark gave statements to the police. As previously noted, Grover's statement did not mention speed, but Clark's statement indicated that when his car passed the Grover car he was going between 90 and 100 m.p.h., and that as he approached the Bowen car he was going about 80 m.p.h. Pictures of the scene of the occurrence, and testimony concerning distances and skid marks, were introduced over objection. The testimony of certain witnesses on behalf of the defendants indicated that at the time of the collision, both the Clark and Grover cars were traveling between 60 to 65 m.p.h. From the entire record, we believe that there was sufficient evidence to sustain Clark's conviction.

■■■ We recognize that evidence of speed alone is not sufficient to sustain a conviction for reckless homicide. (*People v. Potter, supra,* 371.) However, charges of reckless homicide may be justified by a combination of excessive speed and other circumstances which would indicate a conscious disregard of a substantial risk likely to cause death or great bodily harm to others, and the circumstances are such that a reasonable person would act differently under the same situation. *People v. Prendergast* (1968), 95 Ill.App.2d 41, 44; *People v. Baier* (1964), 54 Ill.App.2d 74, 78.

The record indicates that the occurrence which caused the death of Connie T. Bowen happened May 11, 1969, at approximately 7:45 P.M., on the Pines blacktop road, which leads to White Pines State Park. The car which Mrs. Bowen was driving was traveling in a westerly direction at approximately 50 to 55 m.p.h. The defendants, each in their respective automobiles, were also traveling in a westerly direction on this road. The Clark car passed the car driven by Grover approximately six-tenths of a mile from the place of the collision. His car proceeded up and down

a hill and then came upon the automobile driven by Mrs. Bowen. He attempted to pass her car, and at the same time, Grover attempted to pass both the Bowen and Clark cars.

It is uncertain from the testimony whether or not the Clark car was partially in the passing lane; however, the Grover car was forced off the road, either before or after it sideswiped the Clark car. The Clark car struck the Bowen car which then hit a tree, resulting in fatal injuries to Connie T. Bowen.

■■ In summary, we feel that the evidence of excessive speed on a hilly blacktop road, a series of passes, and an attempted pass on the part of the defendants while driving at a high rate of speed, was sufficient, if believed by the jury, to sustain the conviction.

■■ As to the defendant Clark's final contention, we find no abuse of discretion by the trial court in its decision on Clark's application for probation. In the absence of such abuse of discretion, the decision of the trial court will not be disturbed. *People v. Burdick* (1969), 117 Ill.App.2d 314, 323.

The judgment of conviction as to the defendant, Tobie M. Grover, is reversed, and that cause is remanded for a new trial.

The judgment of conviction as to the defendant, Gary L. Clark, is affirmed.

Judgment affirmed in part; reversed in part, and remanded.

MORAN and SEIDENFELD, JJ., concur.