(No. 44058.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. GARY L. CLARK, Appellant.

*Opinion filed January 28, 1972.*

DAVIS, J., took no part.

CANFIELD, CANFIELD, FRANKS, WYLDE & HOAD, of Rockford, and LEAHY & KLEIN, of Chicago, (ROBERT R. CANFIELD and MARY LEE LEAHY, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and JOHN B. ROE, State's Attorney, of Oregon, (THOMAS J. IMMEL and FRED G. LEACH, Assistant Attorneys General, and WILLIAM H. SNIVELY, Special Assistant State's Attorney, of counsel,) for the People.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant Gary L. Clark and Tobie M. Grover were separately indicted by the Ogle County grand jury for the crime of reckless homicide. The trial court granted, over both defendants' objections, the State's motion to join the two cases in a single trial, and subsequently denied the

defendants' motions for severance. A jury found both guilty and each was placed on probation for five years, conditioned upon each defendant spending the first six months of the probationary period at the Illinois State Farm at Vandalia. The appellate court reversed and remanded for a new trial as to defendant Grover *(People v. Grover (Ill.App. 1970), 265 N.E.2d 191)*, because of the trial court's error in allowing joinder of the cases and denying a severance. The appellate court reasoned, citing *People v. Clark, 17 Ill.2d 486,* that co-defendant Clark's pretrial statement, made out of the presence of Grover, implicated Grover and was used in the joint trial to his prejudice. That court, however, affirmed the judgment as to defendant Gary L. Clark. *(People v. Clark (Ill.App. 1970), 265 N.E.2d 191.)* We granted leave to appeal.

Clark's contention here is, basically, that he, too, is entitled to a new and separate trial since a pretrial statement by Grover, implicating Clark, but made outside his presence, was introduced at the joint trial to his prejudice.

The three-car accident giving rise to the present charges occurred on a two-lane blacktop road. The Clark automobile traveling west overtook and passed Grover's. As Clark did so and returned to his own lane he slowed down as he was approaching the rear of the slowly moving westbound auto driven by Connie T. Bowen who was killed in the subsequent collision. According to Clark, he saw the Grover car three to four lengths behind him, accelerated and pulled into the left lane to pass the Bowen auto, and it was then that the Grover car appeared on his left, partially on the road and partially on its gravel shoulder. Clark said the Grover vehicle bumped his car, and he then hit the left side of the rear of the Bowen car causing it to leave the road. Clark's pretrial statement to the investigating officers indicated the speeds of the Clark and Grover cars to be about 80 miles per hour at the time

of the accident although at trial his testimony was that he was traveling within the speed limit. Grover's version of the accident given in his pretrial statement was that the Clark car passed him; "Then he [Clark] went quite a ways ahead of me and then he started to slow down apparently for that other car and then I caught up to him and he was going slow so I decided to pass him and when I pulled out I noticed the other car so I decided to pass both of them. *When I got up alongside of him he started to pass also and he hit me right in the side forcing me off the road."* (Emphasis added).

The rule as generally stated is that "where the circumstances are such that a defendant will be deprived of a fair trial if jointly tried, a severance must be ordered. [Citations.] Confessions or admissions made by an accomplice outside the presence of a defendant are not admissible against the latter whether or not the parties are jointly tried, and we have repeatedly held that when a motion for separate trial is based on the fact that a co-defendant's confession implicates the moving defendant, a severance should be granted unless the prosecution declares that the admissions or confessions will not be offered in evidence at time of trial, or if offered, that there will be eliminated therefrom any and all reference to the party applying for a severance." *(People v. Clark, 17 Ill.2d 486, 490)*. The correctness of the appellate court judgment reversing defendant Grover's conviction is not before us. *(See People v. Rosochacki, 41 Ill.2d 483, 492; People v. Rhodes, 41 Ill.2d 494, 500, and People v. Ross, 41 Ill.2d 445, 461.)* It is evident, however, that the pretrial statements of the two defendants were each prejudicial to the other as each attributed the cause of the accident to the wrongful actions of the other. If, in these circumstances, the denial of a severance was reversible error as to Grover, as held by the appellate court, it is our opinion that it was equally so as to Clark.

Accordingly the judgments of the appellate and circuit

courts as to Clark are reversed and the cause remanded to the circuit court of Ogle County for a new trial.

*Reversed and remanded.*

MR. JUSTICE DAVIS took no part in the consideration or decision of this case.