THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RODAMES ALEQUIN, Defendant-Appellant.

(No. 72-172; )

Second District—July 9, 1973.

Ralph Ruebner, of Defender Project, of Elgin, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva, and James R. Edwards, of Aurora, for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

The defendant was indicted for burglary, pled guilty and, after denial of probation, was sentenced to serve one to five years.

██ A portion of the burglary indictment recites that the defendant did "knowingly enter or remain within the building of William Guy Roberts, known as the Buy Rite Grocery Store * * * with intent to commit therein a felony or theft." Because the words "without authority," found in the statute, were not included in the charge, defendant claims the indictment invalid. We hold that the indictment, under the circumstances, is valid. The basis for our holding is found in a recent appellate opinion where the identical issue was decided. See, *People ex rel. McLain v. Housewright*, 9 Ill.App.3d 803; 293 N.E.2d 911 (1973); *appeal denied*, 53 Ill.2d (No. 45790, May 31, 1973).

Defendant further contends the trial court failed to properly admonish him under Supreme Court Rule 402 prior to acceptance of his plea of guilty. We agree.

On January 7, 1971, the defendant and two co-defendants were arraigned under the same burglary charge. After appointing counsel who was present in court at the time, the court stated:

> "All three of you are entitled to be tried by a jury or a trial before the court. Burglary carries a penalty of possible imprisonment in the penitentiary of not less than one year nor more than infinity. The only way I know to explain infinity is the end of the world."

After this statement, to which there was no response, the defendant was furnished a copy of his written statement, a list of witnesses to an oral statement and a copy of the indictment. The court then said:

> "I take it you are entering a plea of not guilty and requesting a jury trial?"

Defense counsel replied:

> "That is correct, your Honor."

Defendant next appeared before the court on March 8, 1971, represented by different counsel, who stated:

> "I have had a discussion with Mr. Alequin * * * regarding the file that I think is sufficient at this time to make a motion to withdraw the plea of not guilty and enter a plea of guilty. And I have prepared a written plea to that effect.
>
> Court: Has Mr. Alequin signed that?
>
> Counsel: Not yet, your Honor. Your Honor, he had previously read it. I was just waiting to get in open Court to sign it."

The court then inquired of defendant's age, education, whether he had been in a mental institution, if he was a user of drugs, and continued:

> "So you know what you are doing? Nobody promised you or threatened you to sign your name to a plea of guilty?
>
> Defendant: Yes sir, I know what I am doing.
>
> Court: In other words this is your free and voluntary act; right?
>
> Defendant: Yes, sir.
>
> * * *
>
> Court: Your motion is granted and a plea of guilty will be filed."

There followed a denial of probation and the defendant was sentenced.

The State's position is that the court's remarks at the time of arraignment, its questions at the time of the plea, and a thirteen paragraph document, labeled "a written plea of guilty" and signed by the defen-

dant, taken together, show a substantial compliance with Supreme Court Rule 402 and thus constitute a proper admonition.

We agree that the voluntariness of the plea was ascertained at the time the plea was accepted, in accordance with Rule 402(b), and that a factual basis for the plea was established during the hearing on probation, in accordance with 402(c).

■■ However, we find no merit to the State's position that the remarks of the court (at arraignment), supplemented by the written plea of guilty (at the hearing on the entry of the plea), fulfilled the requirements of Rule 402(a)(4). This Court has previously determined that a written plea of guilty will not serve as a substitute for the rule's requirement that the trial court personally address the defendant in open court. (*People v. Cummings*, 7 Ill.App.3d 306, 308 (1972).) Neither can we accept the State's argument that the remarks of the court, made during the arraignment proceedings, were sufficient to establish part of the admonishment. The court did not ask defendant if he desired to waive a trial by jury, but merely informed him that he had a right to jury trial. The fact that defendant did not respond is further indication that the judge's remarks were taken as a statement rather than an inquiry. The State's contention (that the court intended its remarks to be part of the admonition and that the defendant knowingly understood the remarks to constitute a waiver of jury) is dispelled by the court's final question at the time: "I take it you are entering a plea of not guilty and requesting a jury trial," to which defendant's counsel replied, "[T]hat is correct, your Honor."

■■ For the reasons stated, we find the defendant was inadequately admonished and, therefore, reverse the judgment of the trial court and remand this cause with directions that the plea of guilty be vacated and the defendant allowed to plead anew.

Reversed and remanded with directions.

GUILD, P. J., and SEIDENFELD, J., concur.