THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRED LUTTMER, Defendant-Appellant.

Second District    No. 76-153

Opinion filed April 29, 1977.

Ralph Ruebner and Andrew Berman, both of State Appellate Defender's Office, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant was charged with involuntary manslaughter and convicted of the included offense of reckless homicide (Ill. Rev. Stat. 1973, ch. 38, par. 9—3) after a jury trial. He was sentenced to a term with a minimum of one year and a maximum of three years in the penitentiary. He appeals contending that he was not proved guilty of reckless homicide beyond a reasonable doubt, that he was deprived of a fair sentencing hearing, and that the sentence was excessive.

■■ From our review of the record we conclude that the conviction is sustained by proof beyond a reasonable doubt. The statutory provision is intended to state the same elements of the crime of reckless homicide required to prove a charge of involuntary manslaughter, but based upon the particular acts of driving a motor vehicle. A lesser penalty is provided for reckless homicide. See *People v. McCollough*, 57 Ill. 2d 440, 443 (1974).

The gist of the crime of involuntary manslaughter with a motor vehicle is recklessness. This is defined in the Criminal Code, as pertinent:

> "§4—6. A person is reckless or acts recklessly, when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, described by the statute defining the offense; and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation * * *" (Ill. Rev. Stat. 1973, ch. 38, par. 4—6.)

See also *People v. Parra*, 35 Ill. App. 3d 240 (1975).

■■ Driving a vehicle in excess of the speed limit standing alone does not constitute recklessness. (*People v. Frary*, 36 Ill. App. 3d 111, 114 (1976).) Similarly, improperly passing a motor vehicle, considered alone, does not constitute criminal recklessness. (*People v. Chambers*, 8 Ill. App. 3d 430, 434 (1972), *aff'd on other grounds sub nom. People v. Todd*, 59 Ill. 2d 534).) Driving at an excessive speed or other negligent conduct under circumstances which show a conscious disregard of a substantial risk likely to cause great bodily harm or death, however, may result in a finding of conduct sufficient to prove reckless homicide. *People v. Rowe*, 9 Ill. App. 3d 460, 463 (1972); *People v. Prendergast*, 95 Ill. App. 2d 41, 44 (1968); *People v. Clark*, 130 Ill. App. 2d 558, 562 (1970), *reversed in part on other grounds*, 50 Ill. 2d 292 (1972); *People v. Baier*, 54 Ill. App. 2d 74, 78 (1964).

In this case there was proof that defendant was driving between 51-55 miles per hour in a 30-mile-per-hour zone on a busy thoroughfare through a residential area at 4 o'clock in the afternoon. There were children at play on both sides of the street. There was only one lane for traffic in each direction. The defendant had, only seconds before, passed a school zone within 400 feet from the point of impact where there were still children on the grounds although the school was out for the day. There was evidence from which the jury could conclude that defendant passed two or three vehicles in a line in front of him, causing him to go into the opposite lane, and that he struck the small child who was running across the street just as his car returned to the proper lane. On these facts the jury could well find, as it did, that the defendant was not only driving at an excessive speed but doing so under circumstances which showed a conscious disregard of a

substantial risk likely to cause great bodily harm or death. The proof was therefore sufficient to prove a case of reckless homicide beyond a reasonable doubt.

Defendant further contends that he was not given a fair sentencing hearing. This argument is based on remarks of the judge at the sentencing hearing. The defendant argues that the judge misconceived the law as to the permissible length of sentence and refused to consider sentencing alternatives.

The defendant's prior record consisted of two speeding violations characterized by the court as "serious," and four other speeding violations. The presentence report recommended probation. The judge stated that what "bothered" him about the suggestion was that the previous speeding violations indicated a reckless attitude and that defendant was now unwilling to concede that his speeding in this instance was the cause of the death of the child who darted across the street. The judge noted that while this was the first reckless homicide case he had tried, he was against driving under the influence and against high-speed driving in eluding police officers. And he related that he was dissatisfied with the common practice of reducing those charges to a lesser charge and with juries' ordinary reluctance to convict where intoxication was not involved. The judge then equated the case before him to cases where defendants were convicted of eluding authorities. He announced that to deter others he was going to give a penitentiary sentence. He said, "[T]hen let it be the first one and one to three years, that's the minimum. * * * [A]nd I am taking into consideration the fact of the class the felony is and the fact he has had a clean record. For that reason he isn't getting more than one to three."

The prosecutor reminded the court that the three years was the maximum for reckless homicide, a Class 4 felony. The court then acknowledged that he had been thinking of involuntary manslaughter. Nevertheless, he said he could not "see it any other way."

■■■ There was, of course, no evidence that defendant had been drinking prior to the occurrence or that he was eluding authorities. The illustrations were therefore inappropriate. However, the more serious reflection on the exercise of the court's sentencing discretion is the court's refusal to reconsider a sentence which he apparently wished to be the minimum term permitted but which was not. He instead meted out a sentence based upon a misconception of the statute which reduced the maximum sentence for reckless homicide involving a motor vehicle but retained the higher maximum sentence for involuntary manslaughter. Ill. Rev. Stat. 1973, ch. 38, par. 9—3; cf. People v. Gibson, 41 Ill. App. 3d 209, 211 (1976).

We conclude that justice would be served by a remand for a new

sentencing hearing. We therefore vacate the sentence and remand the cause to the circuit court of Lake County for assignment to a trial judge other than the sentencing judge with directions to conduct a sentencing hearing in the process of which the permissible sentence limits and any proper sentencing alternatives justified by the record may be properly considered. See Ill. Rev. Stat. 1975, ch. 38, par. 1005—4—1.

With this disposition we do not reach defendant's alternative argument that we may and should reduce the sentence of imprisonment to one of periodic imprisonment for one year.

The conviction is affirmed, the sentence vacated, and the cause is remanded for a sentencing hearing and imposition of sentence consistent with this opinion.

Conviction affirmed; sentence vacated and cause remanded with directions.

GUILD and BOYLE, JJ., concur.