THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROBERT H. SMITH, a/k/a Robert Henry Snyder, Defendant-Appellant.

Fourth District   No. 4—82—0305

Opinion filed February 14, 1983.

MILLS, J., concurring in part and dissenting in part.

Charles McRae Leonhard, of Allen & Korkowski & Associates, of Rantoul, for appellant.

James R. Benson, State's Attorney, of Paxton (Robert J. Biderman and Garry W. Bryan, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:
On July 28, 1981, an information was filed in the circuit court of Ford County purporting to charge defendant, Robert H. Smith, with

the offense of reckless homicide (Ill. Rev. Stat. 1981, ch. 38, par. 9—3(a)). On March 30, 1982, at the conclusion of a trial, the jury returned verdicts finding defendant guilty of that offense and of the offense of failing to reduce speed to avoid an accident (Ill. Rev. Stat. 1981, ch. 95½, par. 11—601(a)). The latter verdict was returned upon a form submitted to the jury at defendant's request upon his contention that, under the circumstances, the offense of failing to reduce speed was an included offense of reckless homicide. On that same day, judgments of conviction were entered on both verdicts. On May 3, 1982, defendant's motions in arrest of judgment and for a new trial were denied. On May 3, 1982, the court sentenced defendant on the reckless homicide conviction to 30 months' probation conditioned upon 24 consecutive weeks of periodic imprisonment to be served on weekends. No sentence was imposed for the other conviction.

Defendant appeals both convictions and the sentence. He maintains the reckless homicide conviction is invalid because, as alleged in his motion in arrest of judgment, the information failed to charge the offense of reckless homicide, because it did not allege that the acts he was charged with were performed recklessly. He further requests that, if the reckless homicide conviction is permitted to stand, the other conviction should be reversed on double jeopardy grounds.

Section 9—3(a) of the Criminal Code of 1961 defines reckless homicide in the following manner.

> "A person who unintentionally kills an individual without lawful justification commits involuntary manslaughter if his acts whether lawful or unlawful which cause the death are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly, except in cases in which the cause of the death consists of the driving of a motor vehicle, in which case the person commits reckless homicide." Ill. Rev. Stat. 1981, ch. 38, par. 9—3(a).

Section 4—6 of the Criminal Code of 1961 describes recklessness in these words:

> "A person is reckless or acts recklessly, when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, described by the statute defining the offense; and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation. An act performed recklessly is performed wantonly, within the meaning of a statute using the latter term, unless the statute clearly requires another meaning." Ill. Rev. Stat. 1981, ch. 38, par. 4—6.

The information charged that on July 26, 1981, defendant "committed the offense of Reckless Homicide" in that:

> "Above defendant did unintentionally kill an individual without lawful justification by committing an act which was likely to cause death or great bodily harm to an individual, said act consisting in the driving of a motor vehicle at an excessive rate of speed resulting in the crash which resulted in the death of Christopher Gulliford, Age 22, of Gibson City, said act occurring within the Corporate limits of the City of Gibson, Ford County, Illinois."

Other than alleging that defendant committed the offense of reckless homicide, the information did not use the word "reckless."

■ A charge must allege every essential element of the offense. (*People v. Pettus* (1980), 84 Ill. App. 3d 390, 405 N.E.2d 489.) The only act charged of defendant in the information was that he drove at an excessive rate of speed. Excessive speed is insufficient, of itself, to constitute recklessness. (*People v. Potter* (1955), 5 Ill. 2d 365, 125 N.E.2d 510; *People v. Clark* (1970), 130 Ill. App. 2d 558, 265 N.E.2d 191; *aff'd in part, rev'd in part on other grounds* (1972), 50 Ill. 2d 292, 278 N.E.2d 782.) However, a charge alleging that an accused drove at an excessive speed on a particular occasion and at a particular place was held to state the offense of reckless homicide under the predecessor to section 9—3(a) (Ill. Rev. Stat. 1951, ch. 38, par. 364a) when the charge also alleged that the accused drove recklessly (*Potter*). Thus, the crucial question is whether the element of recklessness can be inferred from the information as a whole.

■ In *People v. Alequin* (1973), 12 Ill. App. 3d 837, 298 N.E.2d 723, and *People ex rel. McLain v. Housewright* (1973), 9 Ill. App. 3d 803, 293 N.E.2d 911, the charges alleging the offense of burglary did not include the statutory language "without authority" (Ill. Rev. Stat. 1971, ch. 38, par. 19—1(a)), but the court deemed the element to have been inferred by allegation of the intent to commit a theft. Similar results have been reached in theft cases where "without authority" was not alleged, but intent to permanently deprive the owner was alleged. (*People v. Wade* (1970), 131 Ill. App. 2d 415, 264 N.E.2d 898; *People v. Hayes* (1971), 133 Ill. App. 2d 885, 272 N.E.2d 423.) On the other hand, when other allegations of the complaint do not imply the missing element, the charge fails when tested by a motion in arrest of judgment. In *People v. Pruden* (1982), 110 Ill. App. 3d 250, 442 N.E.2d 284, and *People v. Pettus* (1980), 84 Ill. App. 3d 390, 405 N.E.2d 489, lack of authority was not implied from allegations of the other elements of the offense of home invasion. Here, the information alleged

that defendant's conduct was likely to cause death or great bodily harm, but section 9—3(a) states that the accused's conduct must be *such as to be likely to do so and be performed recklessly.* Thus, the conduct that is likely to cause death or great bodily harm does not, of itself, imply that the conduct was reckless.

We are aware of no authority for judging the sufficiency of the charge by anything other than the description of the acts contained in the charge which the defendant is alleged to have performed. No case has been cited which indicates that the discovery given or the understanding of the parties can cure defects in a charge which are reached by a timely motion in the trial court.

■ The implication that defendant's conduct in driving at an excessive rate of speed was reckless also cannot be derived from the use of the word "[r]eckless" in naming the offense with which defendant was charged. In *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437, a case concerning the sufficiency of a charge of the offense of unlawful use of weapons (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(10)), the court stated:

> "We do not agree with the People's contention that the citation of the statutory provision alleged to have been violated served to incorporate the statute, by reference, into the complaint. The clear and explicit language of section 111—3 of the Code of Criminal Procedure required that *both the statutory provision cited and the nature and elements of the offense charged be set forth.* One of the elements of the offense proscribed by section 24—1(a)(10) is that the weapon be loaded, and section 111—3 requires that it be alleged." (Emphasis added.) (61 Ill. 2d 335, 338, 335 N.E.2d 437, 439-40.)

In *Pettus,* designation of the offense as home invasion was insufficient to imply that the entry made into the home was without authority.

In *Pujoue,* the supreme court set forth the now well-recognized rule that when the sufficiency of a criminal charge is raised for the first time on appeal, the charge is sufficient if it contains sufficient specificity to enable the defendant to prepare his defense and to plead a resulting conviction as a bar to a subsequent prosecution arising from the same conduct. Clearly, the charge here met that standard, but the insufficiency asserted on appeal was raised in the trial court by a post-trial motion in arrest of judgment. *Pujoue* was a giant step forward in rejecting a procedure whereby a defendant adequately advised of the charges he must meet might remain silent about inadvertent shortcomings in the charge and then, if convicted, obtain reversal. However, the *Pujoue* doctrine has not been extended to situations, such as that here,

where the sufficiency of the charge was raised by a motion in arrest of judgment in the trial court. The *Pujoue* opinion stated that the court was not deciding whether its relaxed requirements would be so extended. Later, in *People v. Lutz* (1978), 73 Ill. 2d 204, 383 N.E.2d 171, the supreme court expressly refused to do so.

■■ Thus, where a charge has an apparently inadvertent error of the nature here, a defendant may remain silent about the error until after verdict and by making a motion in arrest of judgment, have his conviction set aside. We are required to reverse the conviction for reckless homicide.

Defendant's conviction for failing to reduce his speed to avoid an accident is covered by his notice of appeal. He does not dispute the validity of that conviction if his other conviction is reversed. As he requested the jury be permitted to find him guilty of that offense as an included offense, he is estopped to maintain it was not an included offense of the reckless homicide charged. *Pettus.*

The conviction and sentence for reckless homicide are reversed. The conviction for failure to reduce speed to avoid an accident is affirmed. The case is remanded for sentencing on the latter conviction.

Affirmed in part, reversed in part and remanded.

LEWIS, J., concurs.

JUSTICE MILLS, concurring in part, dissenting in part:
Dissent I must on the pivotal issue of this appeal.

My reading of *Pujoue* is not as narrow as that of my colleagues. In addition to the language from *Pujoue* set forth in the majority opinion, the supreme court went on to say:

"We are not here presented the question and we do not decide whether this complaint could withstand a pretrial motion filed pursuant to section 114—1 or a motion in arrest of judgment filed pursuant to section 116—2 of the Code of Criminal Procedure. While we do not approve of any failure to comply strictly with the explicitly stated requirements of section 111—3 of the Code of Criminal Procedure, the sufficiency of a complaint attacked for the first time on appeal must be determined by a different standard, and we do not agree with the appellate court that failure to allege an element of the offense in the complaint, *per se,* rendered it void." 61 Ill. 2d 335, 339, 335 N.E.2d 437, 440.

I do not read *Pujoue* as imposing a straitjacket upon this court that we *must* automatically reverse in this situation when a motion in arrest

of judgment is filed. The court specifically declined to decide whether the complaint in *Pujoue* would withstand either a pretrial motion or a motion in arrest of judgment. Furthermore, the *Pujoue* court specifically disagreed with the intermediate appellate tribunal that "failure to allege an element of the offense in the complaint, *per se,* rendered it void." In other words, the supreme court has *not* ruled on precisely the issue before this court, and—as the majority correctly points out—specifically declined to do so in *Pujoue.* And *Lutz* followed suit.

More recently, in *People v. Hall* (1982), 96 Ill. 2d 315, 324, 450 N.E.2d 309, the supreme court again found it "unnecessary to consider whether the literal requirement of [the statute] or a lesser 'actual prejudice' standard should apply in assessing this challenge to the sufficiency of an information, raised for the first time by a motion in arrest of judgment."

*Ergo,* our court of last resort has not shut the door on this question.

The charge in this appeal told the defendant exactly what he was charged with—"reckless homicide"—that he unintentionally killed an individual without lawful justification, by committing an act likely to cause death or great bodily harm, by driving a motor vehicle at an excessive speed, which resulted in a crash and a death. The four corners of that charge, read in its totality, fully apprised the defendant of the violation of our criminal laws with which he was charged. Indeed, the title of the charge itself—"reckless homicide"—furnishes the magic word, the very element, of which the majority complains.

This case was called a "reckless homicide," was treated as a "reckless homicide," discovery was conducted as though it were a "reckless homicide," it was tried before a jury as a "reckless homicide," it was argued both to the court and to the jury as a "reckless homicide," and all of the motion practice was phrased in the context of "reckless homicide." The defendant knew all he needed to know to conduct his defense.

To permit the defendant to literally lay in ambush in the weeds, wait until the trial is fully completed, then leap out to claim a pointless technicality for the purpose of avoiding conviction and just punishment is both a travesty and a miscarriage of justice. Even more important, it does serious violence to common sense and any reasonable definition of fairness—certainly fairness to the People.

On this issue, I respectfully dissent.

On the remaining issues, I concur.