(No. 25369.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JULIUS KULIG, Plaintiff in Error.

*Opinion filed December 15, 1939—Rehearing denied Feb. 8, 1940.*

Benjamin C. Bachrach, and Lester N. Grossman, (Walter Bachrach, and Arthur Magid, of counsel,) for plaintiff in error.

John E. Cassidy, Attorney General, Thomas J. Court-ney, State's Attorney, and A. B. Dennis, (Edward E. Wilson, John T. Gallagher, Melvin S. Rembe, and Blair L. Varnes, of counsel,) for the People.

Mr. Justice Farthing delivered the opinion of the court:

Julius Kulig has sued out this writ of error to reverse a judgment and sentence of the criminal court of Cook county against him for larceny of a motor vehicle. The trial was had without a jury.

Robert M. Cronin's two-door Ford sedan car remained where he had locked and left it earlier in the evening in front of his home at 7109 Indiana avenue, Chicago, until twenty minutes after 1:00 o'clock on the morning of June 6, 1939. Some time before 4:00 o'clock in the morning of June 6, two policemen were cruising the streets of Chicago and noticed this Ford car following a truck on Roosevelt road. They followed it and after a time the driver made a "U" turn. When the police car, which was plainly marked as such, turned to follow the Ford, the driver of the latter car increased his speed to about 70 miles an hour. The officers fired five times at the Ford car with a shotgun. They punctured a tire and twenty-six pellets hit the car.

The Ford car was finally stopped and the two men who were in the front seat jumped out of the right door and escaped. The driver of the squad car went down Paulina street to the first alley south of Roosevelt road where he left the other officer and immediately returned to the Ford car. He found the defendant on the floor between the seats of the automobile. He took defendant out and questioned him, but he denied knowing who owned the automobile or who was with him. The license plates found on the stolen Ford car belonged on the Chevrolet coupe of John Barry, another Chicago resident. Robert Cronin had notified the police that his car had been stolen on June 6 and he identified it as his on June 8.

The defendant contends that the evidence was not sufficient to overcome the presumption of his innocence, and that he was not proved guilty beyond a reasonable doubt. He also contends that his constitutional right not to be compelled to give evidence against himself was invaded by the holdings of this court that the unexplained possession of property recently stolen raises a presumption of guilt where the *corpus delicti* has been proved. (*People* v. *Strutynski,* 367 Ill. 551; *People* v. *Norris,* 362 id. 492; *People* v. *Overby,* id. 488, 491.) In the cases just cited, although the circumstances varied and in some instances the defendants had made inconsistent statements, they did not explain their possession of recently stolen property of which they had possession. In *People* v. *Barnes,* 311 Ill. 559, 562, this court said: "In order that an inference of guilt may be drawn from possession of goods recently stolen it must be shown that there is an actual personal possession on the part of the accused, either singly or jointly with others acting in concert with him, and that the possession is exclusive in him or those acting in concert with him."

The facts in evidence are that this automobile had been stolen about two and one-half hours before the defendant's

companions, whom he said he did not know, fled from it, leaving the defendant lying on the floor, where he was found by the officers. There is enough evidence to show that the defendant and the two men who escaped were in the joint and exclusive possession of the car. The proof shows it was a stolen car and there is no explanation of the defendant's possession of it. He did not need to continue his flight from the officers with his companions to raise an inference of his guilt as contended by his counsel. The defendant's constitutional rights are in no way invaded by the fact these circumstances are evidence against him. The presumption is not an arbitrary one and is not conclusive. The cases cited by defendant, such as *Opinion of the Justices,* 15 N. E. (2d) (Mass.) 662, are not in point. That case involved a statute which would have made it lawful to allow the jury to consider a defendant's failure to testify if the court were satisfied that the defendant, if not guilty, could truthfully contradict material evidence as to his guilt. We cannot agree with defendant's contention that the cases relied on in support of the judgment of conviction deprive him of the benefits of section 6 of division 13 of the Criminal Code. (Ill. Rev. Stat. 1939, chap. 38, par. 734.) That section provides, in substance, that the defendant shall be a competent witness "at his own request," but that his failure to testify shall not create any presumption against him, nor shall the court permit any reference or comment to be made to or upon such neglect.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*