THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MURTHY WADE *et al.,* Defendants-Appellants.

(No. 54260; )

First District—October 30, 1970.

*Rehearing denied December 4, 1970.*

Newman, Kipnis & Montgomery, of Chicago, (James D. Montgomery, and Michael Silverman, of counsel,) for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Alan M. Polikoff, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

In a bench trial defendants, Murthy Wade, Wesley Wade and James Carswell, were found guilty of the offense of "Theft," "* * * in manner and form as charged in the complaint, * * *," which stated, "in violation of Chapter 38, Section 16-1a1." Each defendant was sentenced to six months in the County Jail. The separate appeals of each defendant were consolidated here for disposition. In sum, the defendants assert that the complaints were fatally defective in that they did not charge an offense pursuant to Chapter 38, Section 16—1(a)(1).

The three defendants were arrested on March 30, 1968, by Officer Hosea Burnette of the Maywood Police Department for the theft of a .30 cal. Carbine serial 4122066 and a riot helmet from the trunk of the officer's car. The defendants were separately charged in three identical written complaints. Each complaint stated the name of one of the defendants as the accused, the date (March 30, 1968) and location (1306

Madison Street; Maywood, Illinois). "Theft" was set out as the name of the offense, and "Chapter 38, Section 16—1a1, Illinois Revised Statute" was stated as the statutory provision which was violated. The following was set forth as descriptive of the nature and elements of the offense charged:

"[The defendant] on or about March 30, 1968, at in front of 1306 Madison Street; Maywood, Illinois committed the offense of Theft in that he knowingly obtained control over a 30 cal. Carbine serial 4122066 and a riot helmet, that was in the complainant's trunk of his 1967 Ford intending to deprive the said owner permanently of the use and benefits of said property, in violation of Chapter 38, Section 16—1a1 Illinois Revised Statute * * *."

On appeal defendants contend that the complaints were insufficient to confer jurisdiction on the trial court because (1) the complaints charged defendants with theft in violation of section 16—1a1, "a nonexistent reference"; and (2) "the complaints do not state in what manner and form the defendants allegedly committed the taking *i.e.*, without authority, by threat or by deception."

The constitutional and statutory provisions involved are:

A. *Constitution of the State of Illinois,* Article II, Section 9:
 "In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel, to demand the nature and cause of the accusation and to have a copy thereof, * * *."

B. *Illinois Revised Statutes,* Chapter 38, section 111—3, Form of Charge:
 "(a) A charge shall be in writing and allege the commission of an offense by:
 (1) Stating the name of the offense;
 (2) Citing the statutory provision alleged to have been violated;
 (3) Setting forth the nature and elements of the offense charged; * * *."

C. *Illinois Revised Statutes,* Chapter 38, section 16—1, Theft:
 "(a) Obtains or exerts unauthorized control over property of the owner."

Officer Hosea Burnette testified that on March 30, 1968, he observed the trunk of his car raised up as it was parked on Madison Street in Maywood, Illinois; that he noticed Murthy Wade take his .30 cal. gun, fishing tackle and riot helmet from his car and further observed Murthy Wade take these items to Wesley Wade's car, which was parked behind Burnette's car. Officer Burnette approached the defendants and announced the arrest of the three defendants. He recovered the fishing

tackle and gun from the trunk of Wesley Wade's car and the helmet from under the rear portion of the same car. The three defendants denied entering Officer Burnette's trunk or having taken anything from the trunk.

Initially considered is defendants' contention that the statutory citation listed in the complaint, under which defendants are charged with the offense of theft, is to "a nonexistent reference." They state that the statute violated was given as "Section 16—1a1" and assert that there is no such section. Defendants cite no authorities on this point.

The State argues that the section reference as set forth in the complaint was sufficient to advise the defendants that the proscribed act of which they are accused is that described in subsection (a) of § 16—1, and that the mental state which accompanied the act is that described in subsection (1). The State further asserts that "a complaint which sufficiently described the offense charged is not fatally defective for failure to cite the exact statutory provision alleged to have been violated and further is not subject to the attack that the conviction based upon it is void." In support of this point the State cites *People v. Hill* (1966), 68 Ill.App.2d 369, 216 N.E.2d 212; and *People v. Bridges* (1966), 67 Ill.App.2d 236, 214 N.E.2d 539.

■■ We find no merit in this contention of defendants. We think the guidelines which apply here are set forth in *People v. Hill,* where the complaint contained the charge that defendant violated "Chapter 38, Section 16—1a1," and the court stated (p. 375):

"The intention obviously was to charge the defendant with violation of section 16—1(a)(1) of the Criminal Code * * *. Failure to cite the statute or the correct provision thereof is error but, in view of the description of the offense given in the complaint, is not an error which, in itself, vitiates the complaint."

Next considered is defendants' contention that the offense of theft was not properly alleged in the complaint and therefore the defendants were not informed of the nature and elements of the offense, as required by statute. Defendants assert that the complaint left out the word "unauthorized" before the word "control," and such an error was an omission of an essential element and cannot be inferred. Defendants' authorities include *People v. Samples* (1967), 80 Ill.App.2d 182, 224 N.E.2d 284; and *People v. Billingsley* (1966), 67 Ill.App.2d 292, 213 N.E.2d 765. In *People v. Billingsley,* the court stated (p. 299):

"The manner of alleging the commission of an offense is that prescribed in section 111—3(a). It specifies that the charge shall allege the commission of an offense by setting forth the five requirements stated therein. A complaint that does not set forth the nature and elements

of the offense charged, fails to state an offense and is subject to dismissal under the provisions of section 114—1(a)(8) of the Criminal Code. * * * Whether the various requirements of section 111—3(a) are met, must be determined by the substance of the charge and not the technicalities of its language."

The State asserts that the trend today is to be concerned more with the substantive rights of the accused and less with rigid technicalities, especially those dealing with pleading, and that the complaints here adequately informed the defendants of the nature and elements of the offense charged. The State's authorities include *People v. Juve*, 106 Ill.App.2d 421, 245 N.E.2d 293 (1969), where it is said (p. 425):

"An information need not be in the precise terms of the statute defining the offense. *People v. Patrick* (1966), 75 Ill.App.2d 93, 97, 220 N.E.2d 243."

The State argues "it is readily apparent that the language of the complaints charges the defendants with having committed an act described in subsection (a) which, as the Committee stated, is the most comprehensive and inclusive. It is not reasonable for the defendants seriously to claim that they were not apprised of the elements of the offense of which they were charged."

■■ We conclude that the complaint herein did state the offense of theft in compliance with Chapter 38, section 16—1(a)(1), sufficiently for defendants to know the nature and elements of the offense and to be able to prepare their defense. Here, the failure to include the word "unauthorized," while not desirable, was not a substantial defect and was not a necessary element so as to render the complaint fatally defective. Also, the record in this case shows that the defendants were caught in the act of committing the offense by an officer and, therefore, their guilt was established. The court in *People v. Shook* (1966), 67 Ill.App.2d 492, 214 N.E.2d 546 stated (p. 497):

"The general rule is stated to be that technical errors or irregularities which do not affect the substantial rights of the accused must be disregarded on review, particularly where guilt appears from the record to be clearly established."

We conclude from an analysis of the complaints in the instant appeals that they were substantially commensurate with the statutory and constitutional requirements, and that defendants were in no way prejudiced by the omission of the word "unauthorized" or by the incomplete numerical designation of the section violated. The essential elements of the offense of theft, as stated in section 16—1(a)(1), were so particularized in the complaints that each defendant was apprised with reasonable certainty of the precise offense with which he was charged. See

*People v. Gold* (1967); 38 Ill.2d 510, 516, 232 N.E.2d 702; *People v. Hall* (1964), 55 Ill.App.2d 255, 204 N.E.2d 473.

For the reasons given, we conclude the convictions of defendants of the offense of theft should be affirmed.

Judgment affirmed.

BURMAN, P. J., and ADESKO, J., concur.