THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* J. B. HAYES, Defendant-Appellant—(THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES JERRY HAYES, Defendant-Appellant.)

(Nos. 69-165, 69-156 cons.;

Fifth District—July 16, 1971.

Wagner, Conner, Ferguson, Bertrand & Baker, of Belleville, and Cohn, Korein, Kunin & Brennan, of East St. Louis, (Paul M. Storment, Jr., Robert W. Schmieder, and Joel A. Kunin, of counsel,) for appellants.

Robert H. Rice, State's Attorney, of Belleville, (Joseph B. McDonnell, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

James Jerry Hayes and J. B. Hayes and Douglas K. Over were indicted for theft in "that they knowingly obtained control over an automobile having a value exceeding One Hundred Fifty Dollars ($150.00), the property of Barbara Tyree, with intent to deprive the said Barbara Tyree permanently of the use and benefit of said property, in violation of Paragraph 16—1, Chapter 38, Illinois Revised Statutes."

The indictment was dismissed as to Douglas K. Over prior to trial. After a trial by jury defendants J. B. Hayes and James Jerry Hayes were found guilty. J. B. Hayes received a penitentiary sentence of not less than five years nor more than ten years, and James Jerry Hayes not less than two years nor more than ten years. The co-defendants Hayes prosecute their separate appeals to this court. As a matter of convenience these cases were heard and are being decided together.

James Jerry Hayes relies upon four grounds:

(a) That the indictment was insufficient to comply with the statute and his conviction thereon cannot stand;

(b) That the State did not prove him guilty beyond a reasonable doubt for want of sufficient proof of possession;

(c) There was inadequate proof that the value of the property allegedly taken was in excess of $150.00; and

(d) Error was committed when he was sentenced without a probation report.

J. B. Hayes relies upon the first three grounds above and he further argues:

(1) That the State's proof was inadequate to prove that the alleged stolen automobile was the automobile in the defendant's possession;

(2) That the unexplained possession of recently stolen goods violates the Fifth Amendment right to remain silent; and

(3) That the State erred in a comment in argument and in the giving of an instruction.

The evidence established that on January 3, 1969, Barbara Tyree owned a red 1967 Camaro automobile which was discovered missing the following morning from in front of her home in St. Louis, Missouri. Approximately two years before the Tyrees had purchased the automobile for $2,700.00 and after the automobile was missing, they settled with

their insurance company for $1,000.00 plus the balance of the outstanding loan on the automobile.

Sixteen days later a state patrolman stopped a tow-truck being driven by Douglas K. Over, with defendants J. B. Hayes and James Jerry Hayes as passengers. The tow-truck was pulling a red Camaro frame with the rear tires intact, which was subsequently identified by another state patrolman as bearing a hidden identification number, the same as that registered to Mrs. Tyree. The three occupants of the tow-truck were arrested at the scene and charged with illegal transportation of alcoholic liquor, based upon an open bottle of liquor found in the truck. The arresting officer testified that he did not receive any explanation from the defendants as to where the car came from in response to his direct question.

The tow-truck driver, the former co-defendant Over, testifying as a State's witness, said that J. B. Hayes asked him to tow this automobile for a consideration and that he, with J. B. Hayes and James Jerry Hayes, went to James Jerry Hayes' house and picked up the Camaro frame and that the three of them were riding along when the state patrolman pulled them over. He told the state patrolman on the scene that someone had called him on the phone and asked him to tow the car. The Monday following he advised FBI agents that he had received the telephone call from some unknown party to tow the vehicle.

Chapter 38, Paragraph 16—1, Illinois Revised Statutes, provides in part:

> "A person commits theft when he knowingly: (a) Obtains or exerts unauthorized control over the property of the owner; * * *."

The indictment here failed to include the word "unauthorized." The defendants rely upon the omission as establishing the insufficiency of the indictment.

Precisely the same point was raised in *People v. Wade*, 131 Ill.App.2d 415, 264 N.E.2d 898, where it was held:

> "Here, the failure to include the word 'unauthorized,' while not desirable, was not a substantial defect and was not a necessary element so as to render the complaint fatally defective."

■■ We concur with the result reached by the court in that opinion and the reasons expressed therein and adopt them without setting them forth verbatim.

The State relies upon evidence of recent, exclusive and unexplained possession of stolen goods as being evidence of theft. This court has had occasion recently to consider the sufficiency of such evidence in *People v. Hyde*, 97 Ill.App.2d 43, 239 N.E.2d 466. In that case, we found that ex-

clusive possession could be joint and, under circumstances similar to the facts here, that such evidence was sufficient to convict. We re-affirm that case here and find that under the circumstances present here the evidence was sufficient to support the jury verdict of guilty.

■■ The evidence of Officer Wheeler as to identification of the vehicle as being that of Mrs. Tyree is sufficient where no objection was made to its competency. It is true that the precise basis on which the officer made the identification of the serial number as being that of the vehicle owned by Mrs. Tyree does not appear in the record but it does appear that he made such identification at the trial and that there was no objection to his testimony in that regard. Such evidence is adequate where no objection is made. *People v. Polk*, 19 Ill.2d 310, 167 N.E.2d 185; *People v. McCrimmon*, 37 Ill.2d 40, 224 N.E.2d 822; *People v. Griswold*, 100 Ill. App.2d 436, 241 N.E.2d 212.

❸ 3 As part of the State's case the arresting officer testified that he asked the defendants Hayes if they were the owner of the car being towed and that they had replied that they were not. At a later point in his testimony the officer was asked by the prosecutor if he had received any explanation from either of the defendants as to where the car had come from and he replied that he had not. At the instance of the State the court gave I.P.I., Criminal, instruction 13.21, which told the jury that if they find defendants had exclusive possession of recently stolen property, and there was no reasonable explanation of such possession they could infer the defendants obtained possession by theft. During his final argument the prosecutor commented two times that defendants had given no explanation of their possession of the car. Defendants now contend that the testimony, the instruction and the argument relating to "unexplained possession" was in contravention of their constitutional right to remain silent and of the rule laid down by *Miranda v. Arizona*, 384 U.S. 436. Defendants' argument is not well taken. The record does not disclose any custodial interrogation to have taken place and thus there was no violation of the rule set forth in the *Miranda* case. (See *People v. Thompson*, 48 Ill.2d 41, 268 N.E.2d 369.) So far as appears there was only one question propounded by the arresting officer to the defendants and that came before their arrest and during the investigation stage of the case. That question was, "I then asked James Jerry Hayes and J. B. Hayes if they were the owner of the car and they said they were not." This question and the circumstances under which it was asked of defendants is not the "police custodial interrogation" proscribed by *Miranda*. We do not believe, therefore, that the *Miranda* case can properly be construed as standing for the principle that the right to be silent

when in custody makes the inference of guilt unjustifiable or incompetent, nor does it render the comment by the prosecutor improper.

■■ It is further clear that the State's reliance upon the rule of recent unexplained stolen property was well placed and a sufficient basis upon which defendants' guilt may be predicated. The inference of guilt flowing from unexplained possession of recently stolen property has been permitted at least two times by the U.S. Supreme Court since the *Miranda* case, in *Leary v. United States,* 395 U.S. 6, 89 Sup.Ct. 1532, L.Ed. 2d 57, and *Turner v. United States,* 396 U.S. 398, 90 Sup.Ct. 642, 24 L.Ed.2d 610. And in *People v. Whittaker* (1970), 259 N.E.2d 787 the Illinois Supreme Court stated:

> "[Defendants] argue that instructing the jury with regard to this common-law presumption, amounted to a comment on their failure to testify and, as such, constituted a violation of their fifth amendment rights as set forth in Griffin v. California (1965), 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106. The presumption has existed in this jurisdiction since at least 1850 (Jones v. People, 12 Ill. 259) and continues today as a well settled principle. (See People v. Hawkins, 27 Ill.2d 339, 189 N.E.2d 252; People v. Woods, 26 Ill.2d 557, 188 N.E.2d 1; People v. Fiorito, 413 Ill. 123, 108 N.E.2d 455; IPI Criminal, sec. 13.21.) The validity of its use as a jury instruction has been sustained even as to an attack identical to that raised here. People v. Nilsson, 44 Ill.2d 244, 247, 255 N.E.2d 432, *cert.* denied 398 U.S. 954, 90 S.Ct. 1881, 25 L.Ed.2d 296; People v. Kulig, 373 Ill. 102, 25 N.E.2d 73.

■■ The indictments charged the defendants with having committed the offense of theft of property valued in excess of $150.00 in the State of Illinois on January 19, 1971. Our search of the record in this case failed to disclose any competent evidence from which it could be determined that the value of the stolen automobile, in the condition it existed at the time of defendants' arrest and possession on January 19, 1971, was in excess of $150.00. The amount the Tryees received from their insurance company was not competent or relevant evidence under the circumstances revealed here when the defendants were found with an unvalued stripped-down chassis. There was no attempt made to fix a value of the frame found in the possession of the defendants. This is the property which is the subject of the theft charge. The value of the automobile at the time of its disappearance in Missouri is of no consequence. The criterion is the fair cash market value of the property and not its cost. (*People v. Rose,* 19 Ill.2d 292, 166 N.E.2d 566; *People v. Todaro,* 14 Ill.2d 594, 153 N.E.2d 563.) Accordingly, pursuant to Supreme Court

Rule 615(b)(3) (Illinois Revised Statutes, Chapter 110A, Section 615 (b)(3)) we reduce the degree of the offense of which defendants were convicted to theft of property not exceeding $150.00 in value and remand the case to the trial court for re-sentencing for such conviction.

■■ One of the contentions of the defendant James Jerry Hayes is that he was illegally sentenced without filing of a probation report. We do not interpret *People v. McAndrew*, 96 Ill.App.2d 441, 239 N.E.2d 314, cited by him, to hold that sentencing without a probation report is improper or invalid. A probation report may be an assistance to the court on the occasion of sentencing, but a probation report is not a requirement of law or statute. See Illinois Revised Statutes, Chapter 38, Section 1—7.

Judgment of guilty affirmed; conviction reduced to that of theft of property not exceeding $150.00 in value; cause remanded for re-sentencing.

EBERSPACHER and G. MORAN, JJ., concur.