THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* H. E. STEWART, Defendant-Appellant.

(No. 71-61;

Fifth District—December 21, 1971.

Paul Bradley, of Defender Project, of Mt. Vernon, (Richard J. Wilson, (Senior Law Student), of counsel,) for appellants.

John H. Ward, State's Attorney, of Taylorville, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

H. E. Stewart pleaded guilty to the crime of theft in the Circuit Court of Christian County and was sentenced to the penitentiary for not less than two nor more than five years. This appeal is from an order denying his *pro se* petition, filed pursuant to Chapter 110, Section 72, Illinois Revised Statutes, requesting vacation of the judgment on the grounds that the indictment was void on its face, and further, that he was improperly denied counsel at his hearing on the petition.

The indictment charged:

"* * * That H. E. Stewart late of the County of Christian and State of Illinois, on the 6th day of March, 1970, at and within the said

County of Christian, in the State of Illinois, aforesaid offense of theft in that he did knowingly, obtain control over certain property of a value of more than $150, to-wit: money in the amount of $800, the same being the property of Frank Olivio, Jr., intending to deprive the said Frank Olivio, Jr. permanently of the use and benefit of said property, all of which occurred on March 6, 1970 in Taylorville, in Christian County, Illinois, in violation of Chapter 38, Section 16—1(b) of the Illinois Revised Statutes, 1969 Edition:  *   *   *."

The pertinent portions of said theft statute provides:

"A person commits theft when he knowingly:

(a) Obtains or exerts unauthorized control over property of the owner; or

(b) Obtains by deception control over property of the owner; or

(c) Obtains by threat control over property of the owner;  *   *   * and

  (1) Intends to deprive the owner permanently of the use or benefit of the property; or  *   *   *"

Defendant contends that though the indictment purports to charge a crime under subsection (b) of said statute it wholly failed to allege either that defendant "committed" the offense, or that he "by deception" obtained control over the property; that the manner of obtaining control is an essential element of the crime and failure to allege any facts relative thereto constitute a fatal defect.

■■ The felonious or fraudulent taking of personal property from the possession of another against his will or without his consent is essential to larceny. (50 Am.Jur.2d, Larceny, Sec. 23.) It is held to be elementary law that a criminal indictment must allege that the defendant committed a crime, just as valid pleadings in civil cases must state a cause of action; and that an indictment for a criminal offense must be framed upon the statute and this fact must definitely appear on the face of the indictment itself. (*People v. Crosson*, 30 Ill.App.2d 57.) Here, the statute spells out the essentials relative to the manner in which control must be obtained to constitute the act a crime, viz., it must be "unauthorized" under subsection (a), "by deception" under (b), or "by threat" under (c). Defendant's indictment alleges none of these essentials. It merely charges that defendant obtained control over the property of another intending to deprive him permanently of its use or benefit. This in itself is not a crime, for the language used permits the possibility that the owner could have voluntarily parted with control by gift, by purchase or by some other legal means. Where conduct alleged in an indictment may in itself be wholly innocent it is essential that the unlawfulness of the conduct be averred either by express allegation or by the use of terms, or the state-

ments of facts, which clearly imply such unlawfulness. (41 Am.Jr.2d, Indictments and Informations, Sec. 109.) See also *People v. Pronger*, 48 Ill.App.2d 477, where an indictment charging concealing stolen property was held fatally defective for failure to charge a crime when it omitted the phrase "with intent to conceal or misrepresent its identity"; and *People v. Greene*, 92 Ill.App.2d 201, involving a bad check, where the indictment was held defective for failure to allege "with intent to defraud".

■■ The State argues and presents a number of cases to the effect that the test of a sufficient indictment is whether it states the nature and cause of the accusation so as to enable an accused to prepare his defense and is complete enough to bar a subsequent prosecution for the same offense. We do not quarrel with this general principle and agree that it is often applicable where the adequacy of the allegations of the indictment are in question. Here, however, the question is not one of adequacy but rather one of total failure to charge a criminal offense. Under such circumstances, *i.e.*, in the absence of an accusation charging defendant with a violation of the criminal law, the indictment is void on its face, the trial court has no jurisdiction or authority to convict, and the defendant cannot by waiver or consent confer such jurisdiction or authority. *People v. Fore*, 384 Ill. 455; *People v. Minto*, 318 Ill. 293.

■■ The State also questions whether a Section 72 proceeding was appropriate to raise the question were involved. We consider this contention resolved by *People v. Greene*, 92 Ill.App.2d 201, wherein it is specifically held that though such a proceeding is not the only remedy available, nonetheless it is an appropriate one for attacking errors of law appearing on the face of the record.

On the basis of the above we conclude that the indictment herein was void and the judgment of the Circuit Court of Christian County is therefore reversed. In view of this holding we see no purpose in considering other contentions of defendant.

Judgment reversed.

MORAN, P. J., and JONES, J., concur.