(No. 45438.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. LARRY WOODWARD, Appellee.

*Opinion filed September 25, 1973.*

WILLIAM J. SCOTT, Attorney General, of Springfield (JAMES B. ZAGEL and CHARLES H. LEVAD, Assistant Attorneys General, of counsel), for the People.

ROBERT E. FARRELL, District Defender, Illinois Defender Project, of Mount Vernon, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court:

The defendant entered a plea of guilty to the crime of attempted burglary in the circuit court of Madison County. Probation was denied and the defendant was sentenced to 1 to 3 years in the penitentiary. The appellate court held on appeal that the indictment to which the guilty plea was entered was fatally defective and reversed the trial court. (7 Ill. App. 3d 607.) This court granted the State leave to appeal.

The sole question before this court is that of the sufficiency of the indictment. The indictment charged that:

> "Mercy Santiago and Larry Woodward on the 30th day of November, 1970 at and in the county of Madison, in the State of Illinois, committed the offense of attempt, in that they knowingly, with the intent to commit the offense of burglary, did use a tire tool in attempting to open the front door of the building of Robert L. Rust, known as Rusty's Service Station and located at 2700 Brown Street, Alton, Illinois, which act constituted a substantial step toward the commission of the offense of burglary."

The offense of attempt is statutorily defined as follows:

> "A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step towards the commission of that offense." Ill. Rev. Stat. 1971, ch. 38, par. 8—4.

In the recent case of *People v. Sanders (1972), 7 Ill. App. 3d 848,* not cited by either party in this case, the court considered the question of the degree to which the elements of the principal offense must be alleged when an inchoate offense has been charged. That court said at page 849:

> "Section 111—3 of the Code of Criminal Procedure requires that an indictment allege each of the elements of the offense the commission of which it purports to charge. The elements of the offense of attempt consist of an act which constitutes a substantial step toward the commission of an offense and an intent that the offense be committed. While in a most practical sense it is not possible that one could intend that his actions result in the commission of a criminal offense without first having formulated the mental state necessary for that offense, it does not follow that such mental state must be alleged in specific terms in an indictment for attempt."

Section 19—1 of the Criminal Code of 1961 provides:

> "A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle as defined in the Illinois Motor Vehicle Law approved July 11, 1957, as amended, *** with intent to commit therein a felony or theft." Ill. Rev. Stat. 1969, ch. 38, par. 19—1.

The appellate court in this case, faced with the identical question, held that "the indictment in this case was fatally defective in not alleging the specific 'intent to commit therein a felony or theft' ***."

Since these decisions, this court in *People v. Williams (1972), 52 Ill.2d 455,* addressed generally the question of the degree of specificity required in an indictment charging

an inchoate offense. The defendant in *Williams* likewise contended that the indictment was void. In *Williams* the defendant alleged that inasmuch as his indictment for attempted kidnapping did not contain lack of parental consent as an element of the principal offense, the indictment was void. We stated in *Williams* at pages 460 and 461 as follows:

"The first contention the defendant makes is that the indictment under which he was prosecuted was void. Citing the kidnapping statute (Ill. Rev. Stat. 1967, ch. 38, par. 10—1) and *People v. Marin, 48 Ill.2d 205,* he says that an element of the crime of kidnapping is that the confinement of a child under 13 years has been without the consent of its parents or guardian. The indictment did not allege this element and so, the argument is, the indictment is fatally defective. But the indictment was brought, not for kidnapping, but for the crime of attempt. As an indictment for conspiracy need not allege all the elements of the substantive offense which is the object of the conspiracy (*Stein v. United States (9th cir.), 313 F.2d 518*), in an indictment for attempt, the crime intended need not be set out as fully and specifically as would be required in an indictment for the actual commission of the crime. (*Baker v. State, 6 Md. App. 148, 154, 250 A.2d 677, 683; State v. Doran, 99 Me. 329, 332, 59 A. 440, 442;* 4 Wharton's Criminal Law and Procedure (1957), sec. 1793.) The Supreme Judicial Court of Maine in the *Doran* case said: 'It is ordinarily sufficient to state the intended offense generally, as by alleging an intent to steal, or commit the crime of larceny, rape, or arson.'

This is the only complaint of the defendant against the indictment and it is not tenable."

The sufficiency of an indictment for attempt was

138

specifically considered by this court in *People v. Richardson (1965), 32 Ill.2d 497*, where at page 502 we said: "All that need be shown in a charge of attempt is the intent to commit a specific offense *** and an overt act constituting a substantial step toward commission of that offense ***." The indictment in question charges both of these elements and is therefore sufficient.

The indictment in question here falls directly within the rationale of *Williams* and the specific holding in *Richardson*.

The judgment of the appellate court is reversed in accordance with the views expressed herein, and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*