THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES WHITE, Defendant-Appellant.

(No. 74-6; )

Fifth District—September 11, 1974.

Robert E. Farrell and Steven Clark, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Byron L. Connell, State's Attorney, of Mound City (Ralph Mendelsohn, of Model State's Attorneys Support Unit, of counsel), for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

On September 19, 1973, defendant was charged by criminal complaint with theft and arson. On the same date he waived indictment, pled guilty to both charges and received concurrent sentences of 1 to 3 years.

Subsequently, on October 17, 1973, defendant filed separate notices of appeals as to each conviction which were consolidated on this appeal. The sole question for review here is whether the charge was invalid for failure to include an essential element of the offense of arson.

The complaint reads in pertinent part:

"Complainant * * * Deputy Sheriff, Pulaski County, Illinois, on oath charges: That: * * * Charles White committed the offense of ARSON, in that (he) did then and there by means of fire, knowingly damage personal property of A. M. Mayberry, to wit: three double beds and one single bed, with springs and mattresses, said damage amounting to more than $150.00, being

located in the residence of A. M. Mayberry, * * * in violation of Paragraph 20—1(a), Chapter 38, Illinois Revised Statutes, 1973." The statutory definition of arson provides in pertinent part that:

"A person commits arson when, by means of fire or explosive, he knowingly: (a) Damages any real property, or any personal property having a value of $150 or more, of another *without his consent;*" Ill. Rev. Stat., ch. 38, par. 20—1(a). (Emphasis added.)

Defendant now contends that the complaint was insufficient for failure to allege that he had committed arson without consent of the owner and requests that his conviction be reversed.

■■ A complaint, information, or indictment which fails to recite the essential elements of the crime charged does not state an offense. (*People v. Abrams,* 48 Ill.2d 446, 271 N.E.2d 37; *People v. Leach,* 3 Ill.App.3d 389, 279 N.E.2d 450; *People v. Billingsley,* 67 Ill.App.2d 292, 213 N.E.2d 765.) Essential language may be omitted only if it is necessarily implied by the charge. (*People v. Latham,* 13 Ill.App.3d 371, 299 N.E.2d 808; *People ex rel. McLain v. Housewright,* 9 Ill.App.3d 803, 293 N.E.2d 911.) In this case it is clear that the complaint contains no language from which non-consent can be inferred. Thus the key question in this appeal is whether non-consent is an essential element of the offense of arson.

■■■ The phrase "without his consent" first appeared in the 1961 Criminal Code. (See Ill. Rev. Stat. 1961, ch. 38, par. 20—1(a)(1).) Historically, in the sense of the common law and of our own prior criminal code, non-consent was not an element of the offense of arson. (*People v. Harris,* 263 Ill. 406, 105 N.E. 303 (1914); 3 Statutes of Illinois (Gross) 1873-74, pars. 13—19, at 120-121 (2d ed.).) At common law, arson was simply the wilful and malicious burning of the dwelling house, including structures appurtenant thereto, of another. (See 2 W. Blackstone, Commentaries *220.) At common law, one could not be convicted of arson for burning his own building. Similarly, if the owner consented to the burning of his building by another, such other person could not be guilty of arson. 5 Am. Jur. *Arson,* § 30 (1962); A. Curtis, A Treatise on the Law of Arson, § 53, at 66 (1936).

■■■ The Committee Comments to the 1961 Criminal Code note that various other buildings and property had been added by statute either to the offense of arson or as a separate lesser offense. The Committee Comments also make clear that the present code was a sorting out and classification of the several offenses theretofore provided by statute. The 1961 code redefined the various types of burning offenses so as to bring within the statutory offense of arson the more serious offenses with a common penalty and the less serious offenses into criminal damage to property, disassociated from the traditional concept of arson. Thus it

appears that the legislature did not intend to introduce a new element into the statutory definition of arson by inserting the phrase "without his consent", and that the statutory plan contemplates that "consent" is an affirmative defense. *People v. Abruscato*, 77 Ill.App.2d 75, 222 N.E.2d 263, so holds. Abruscato was convicted of arson under the current Criminal Code. On appeal he argued his conviction was invalid due to lack of proof that his act of burning a building was done without the owner's consent. The court agreed that there was a complete absence of formal proof that the acts charged against Abruscato were committed without the property owner's consent, but refused to set aside the conviction on this basis. The court followed the common-law rule as espoused in *People v. Harris*, 263 Ill. 406, 105 N.E. 303, that there was no obligation to offer formal proof that destruction of property by fire was against the owner's consent in the absence of some suggestion that the owner had, in fact, given such consent.

Moreover, the contention that the complaint was defective for failure to allege that the acts of arson were done without the consent of the owner has no merit in light of the opinion in *People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269, and *People v. Woodward*, 55 Ill.2d 134, 302 N.E.2d 62. In *Harvey* the defendant contended that an indictment charging him with the offense of aggravated battery was void for failure to allege that the battery, which is by definition included in the offense of aggravated battery, was committed "without legal justification." However, his contention was rejected because the indictment which was couched in statutory terms, sufficiently informed the defendant of the charge and particularized the offense so as to bar a subsequent prosecution. (*People v. Harvey*, 53 Ill.2d 585, 588-89, 294 N.E.2d 269, 270-71. See also *People v. Gant*, 9 Ill.App.3d 774, 293 N.E.2d 20; *People v. Hoffman*, 9 Ill.App.3d 842, 293 N.E.2d 16.) In *Woodward* the court considered the question of the degree to which the elements of the principal offense must be alleged when an inchoate offense has been charged. The court, following its previous ruling in *People v. Williams*, 52 Ill.2d 455, 288 N.E.2d 406, rejected the defendant's argument that the indictment charging him with attempted burglary was insufficient for failure to state that the attempted unlawful entry was "without authority." *People v. Woodward*, 55 Ill.2d 134, 137-38.

Arguably, both *Woodward* and *Harvey* can be distinguished from the fact situation now before this court. *Woodward* addressed specifically the sufficiency of an indictment for attempt. *Harvey* considered the question of the degree of specificity required in an indictment omitting an element of a lesser included offense. However, in *People v. Gallo*, 54 Ill.2d 343, 297 N.E.2d 569, not cited by either party in this case, the court rejected

defendant's contention that an indictment charging him with the offense of intimidation was void for failure to allege that his conduct was "without legal justification." "Legal justification" and "authority," as involved in *Harvey, Woodward,* and *Gallo,* and "consent" as involved in this appeal, are all matters of exoneration or defense.

Under these principles, defendant's position that the complaint charging him with arson is void for failure to allege want of consent is untenable. Accordingly, his conviction is affirmed.

Judgment affirmed.

EBERSPACHER and CARTER, JJ., concur.