THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD MILLER, Defendant-Appellant.

(No. 73-284;

Fifth District—December 2, 1974.

*Rehearing denied December 30, 1974.*

Robert E. Farrell, of Mt. Venon, and James R. Streicker, of Chicago, both of State Appellate Defender's Office, for appellant.

Dolores Johnson, State's Attorney, of Golconda (Ralph J. Mendelsohn, of State's Attorneys Task Force, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the defendant, Richard Miller, from judgment of conviction entered, on a jury verdict of guilty, by the circuit court of Pope County for the offense of theft under $150 and the imposition of a sentence of 270 days at the state farm.

The defendant raises two issues in this appeal: first, that the information charging him with theft is fatally defective because it fails to allege that defendant obtained "unauthorized" control over the property in question; and secondly, that he was not proven guilty beyond a reasonable doubt.

The relevant portion of the information charging the defendant read as follows,

"* * * on the 25th day of October, A.D. 1972, at or about the hour of 7:30 P.M., the offense of Theft was committed in said County, at the property of said Randall Doty, situated in the County of Pope, State of Illinois, that said offense was then and there committed by Richard D. Miller, in that Richard D. Miller,

did then and there knowingly obtain control over certain property, to-wit: Copper Cable Wire and Lightning Rod, of a value of less than $150.00, then and there being the property of Randall Doty, with the intent to deprive said Randall Doty permanently of the use and benefit of said property, contrary to the provisions of Paragraph 16—1, Chapter 38, Illinois Revised Statutes * * *."

Section 16—1 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 16—1) provides in part:

"A person commits theft when he knowingly:

(a) Obtains or exerts unauthorized control over property of the owner; or

(b) Obtains by deception control over property of the owner; or

(c) Obtains by threat control over property of the owner; or

(d) * * *, and

(1) intends to deprive the owner permanently of the use or benefit of the property; * * *"

The defendant, relying principally upon *People v. Stewart*, 3 Ill.App.3d 699, 279 N.E.2d 53, contends that the failure to allege that the control, acquired by the defendant over the property in question, was "unauthorized," or obtained by "deception" or "threat" renders the information invalid. In *People v. Stewart*, this court, under a similar set of circumstances, held that an indictment was fatally defective, stating:

"It is held to be elementary law that a criminal indictment must allege that the defendant committed a crime, just as valid pleadings in civil cases must state a cause of action; and that an indictment for a criminal offense must be framed upon the statute and this fact must definitely appear on the face of the indictment itself. * * * Defendant's indictment * * * merely charges that the defendant obtained control over the property of another intending to deprive him permanently of its use or benefit. This in itself is not a crime, for the language used permits the possibility that the owner could have voluntarily parted with control by gift, by purchase or by some other legal means. * * *.

* * * Under such circumstances, *i.e.*, in the absence of an accusation charging defendant with a violation of the criminal law, the indictment is void on its face, the trial court has no jurisdiction or authority to convict, and the defendant cannot by waiver or consent confer such jurisdiction or authority." (3 Ill.App.3d 699, 701-02, 279 N.E.2d 53, 54.)

A contrary conclusion was reached by the First District Appellate

Court in *People v. Wade,* 131 Ill.App.2d 415, 264 N.E.2d 898. Therein the court stated:

> "The State asserts that the trend today is to be concerned more with the substantive rights of the accused and less with rigid technicalities, especially those dealing with pleading, and that the complaints here adequately informed the defendants of the nature and elements of the offense charged * * *
>
> * * *
>
> We conclude that the complaint herein did state the offense of theft in compliance with Chapter 38, section 16—1(a)(1), sufficiently for defendants to know the nature and elements of the offense and to be able to prepare their defense. Here, the failure to include the word "unauthorized," while not desirable, was not a substantial defect and was not a necessary element so as to render the complaint fatally defective." (131 Ill.App.2d 415, 418, 264 N.E.2d 898, 901.)

See *People v. Geary,* 8 Ill.App.3d 633, 291 N.E.2d 13.

Since the rendition of *Stewart* and *Wade,* the supreme court has decided a number of analogous cases. In *People v. Williams,* 52 Ill.2d 455, 288 N.E.2d 406, the supreme court held the failure of an indictment for attempted aggravated kidnapping to allege that the confinement of a child under 13 years has been without the consent of its parents or guardian did not render the indictment fatally defective.

In *People v. Harvey,* 53 Ill.2d 585, 294 N.E.2d 269, the supreme court rejected the defendants' contention that the indictment charging them with the offense of aggravated battery was void for failure to allege that the battery was committed "without legal justification." The court, relying extensively on *People v. Mills,* 40 Ill.2d 4, 237 N.E.2d 697, held that,

> "The statute defining battery (Ill. Rev. Stat. 1969, ch. 38, par. 12—3) contains all the elements necessary to constitute this offense, including the lack of lawful justification. (*People v. Grieco,* 44 Ill.2d 407, 410, 255 N.E.2d 897.) * * * [and, therefore] the defendants cannot complain that they were not explicitly informed that the offense charged was committed without lawful justification." (53 Ill.2d 585, 589, 294 N.E.2d 269.)

Similarly, in *People v. Gallo,* 54 Ill.2d 343, 297 N.E.2d 569, the supreme court rejected the defendant's contention that an indictment charging him with the offense of intimidation was inadequate for failure to allege that his conduct was "without legal justification." Therein, the court stated:

> "The doubts that previously existed as to the necessity of alleging

in an indictment that an act was done 'without lawful authority' were resolved in *People v. Harvey* (1973), 53 Ill.2d 585, 294 N.E.2d 269, and the defendant's contention is denied." (54 Ill.2d 343, 352, 297 N.E.2d 569, 574.)

See also *People v. Wallace,* 57 Ill.2d 285, 312 N.E.2d 263; *People v. Woodward,* 55 Ill.2d 134, 302 N.E.2d 62.

The foregoing supreme court decisions prompted this Court, in *People v. White,* 22 Ill.App.3d 206, 317 N.E.2d 273, to recognize that;

"* * * 'Legal justification' and 'authority,' as involved in *Harvey, Woodward,* and *Gallo,* and 'consent' as involved in this appeal, are all matters of exoneration or defense.

Under these principles, defendant's position that the complaint charging him with arson is void for failure to allege want of consent is untenable." (22 Ill.App.3d 206, 210, 317 N.E.2d 273, 275.)

In accordance with our conclusion in *White,* and in adherence with the supreme court decisions reviewed herein, we conclude that our holding in *People v. Stewart,* 3 Ill.App.3d 699, 279 N.E.2d 53, is not here applicable. Consequently, we adopt the position espoused by the court in *People v. Wade,* 131 Ill.App.2d 415, 264 N.E.2d 898, and followed by this court in *People v. Hayes,* 133 Ill.App.2d 885, 272 N.E.2d 423. Having thus decided, we hold that the information in the instant case, which charged the defendant with "the offense of Theft," was not fatally defective for its failure to allege that defendant's acquisition of control over property in question was "unauthorized."

Nevertheless, the State, not the defendant, has the burden to prove the defendant's exercise of "unauthorized" control over the victim's property, as well as all other elements of the offense of theft, beyond a reasonable doubt. (*People v. Stallcup,* 10 Ill.App.3d 153, 294 N.E.2d 21.) This distinction is of considerable importance, especially in the instant case where defendant alleges, in his only other contention, that the State failed to establish every essential element of theft beyond a reasonable doubt. The defendant bases this contention on the State's failure to prove, (1) that the lightning rod and wire in question were owned by Randall Doty as alleged in the information, and (2) that the defendant's acquisition of said items was unauthorized.

■■ While it is true that proof beyond a reasonable doubt that property was taken without authorization is a part of the *corpus delicti* of the offense of theft, it is equally true that such element is not necessarily required to be established by direct evidence. Circumstantial evidence, which is legal evidence, may be resorted to for the purpose of proving the *corpus delicti* as well as for the purpose of connecting a person with the crime. (See *People v. Hansen,* 28 Ill.2d 322, 192 N.E.2d 359, *cert.*

*denied,* 376 U.S. 910; *People v. Ida,* 14 Ill.App.3d 407, 302 N.E.2d 713.) Our supreme court discussed the quantum of circumstantial evidence necessary to support a conviction in *People v. Bernette,* 30 Ill.2d 359, 197 N.E.2d 436. Therein the court stated;

"[A] conviction may be sustained upon circumstantial evidence as well as direct evidence, (*People v. Russell,* 17 Ill.2d 328, 161 N.E.2d 309,) it being necessary only that the proof of circumstances must be of a conclusive nature and tendency leading, on the whole, to a satisfactory conclusion and producing a reasonable and moral certainty that the accused and no one else committed the crime. (*People v. Magnafichi,* 9 Ill.2d 169, 137 N.E.2d 256; *People v. Grizzel,* 382 Ill. 11, 46 N.E.2d 78.) The jury need not be satisfied beyond a reasonable doubt as to each link in the chain of circumstances relied upon to establish guilty, but it is sufficient if all the evidence, taken together, satisfies the jury beyond a reasonable doubt of the accused's guilt." (30 Ill.2d 359, 367, 197 N.E.2d 436, 441.)

The foregoing was quoted and relied upon in *People v. Marino,* 44 Ill.2d 562, 256 N.E.2d 770. See also *People v. Holt,* 7 Ill.App.3d 646, 288 N.E.2d 245; *People v. Lenker,* 6 Ill.App.3d 335, 285 N.E.2d 807.

■■ Where the circumstantial evidence is so strong and convincing in character as to satisfy the jury of guilt beyond a reasonable doubt, its verdict must be sustained (*People v. Robinson,* 14 Ill.2d 325, 153 N.E.2d 65; *People v. Wilson,* 387 Ill. 563, 56 N.E.2d 630), it is only where a conviction rests upon circumstantial evidence which raises little more than a suspicion against the accused and leaves a grave doubt of guilt that a court of review is justified in disturbing a jury verdict. (*People v. Lenker,* 6 Ill.App.3d 335, 285 N.E.2d 807; *People v. Lacey,* 93 Ill.App.2d 430, 235 N.E.2d 649.

■■ In the instant case the State called five witnesses. With the exception of Sherman Suits, a deputy sheriff, each of these witnesses referred to the farm in question as the Randall Doty farm. Sherman Suits testified that he "found out" the day after alleged offense that the farm "belonged to Randall Doty." Two of the witnesses testified that Randall Doty owned the farm in question, and a third witness, Glen Hobbs, testified that he rented that farm from Randall Doty. The defendant made no objection to these statements, at the trial or in his post-trial motion, and did not offer any evidence contradicting Randall Doty's right of possession or ownership of the property. In *People v. Trefonas,* 9 Ill.2d 92, 139 N.E.2d 817, our supreme court, after reviewing the evidence in a similar manner, stated,

"Special ownership or interest in or possession of property is suf-

ficient to prove ownership as against a party charged with larceny, [citations omitted] especially where there is no proof to the contrary. *People v. Leggio*, 329 Ill. 514; *People v. Gordon*, 5 Ill.2d 91." (9 Ill.2d 92, 99, 139 N.E.2d 817, 820.)

Accordingly, we hold that the State in the instant case proffered sufficient evidence to establish ownership of the farm in question in someone other than the defendant, in particular in Randall Doty. Moreover, we find the defendant's argument that Randall Doty's ownership in the farm is insufficient to infer Randall Doty's ownership in the lightning rods and copper wires which were affixed to his farm house, untenable.

■■ Ultimately, our review of the record reveals sufficient evidence from which the jury could find that the lightning rod and copper wire found in defendant's truck, which the defendant was driving on a gravel road leading from the Doty farm at approximately 7:30 P.M. on October 25, 1973, were removed from the Doty farm house. While the common nature of these items may have prevented the State's witnesses from stating unequivocally that the items found in the defendant's possession could not have been procured elsewhere, the circumstances attending the defendant's apprehension, the evidence that similar copper wire had recently been removed from the Doty farm, and the testimony that the fresh cut on the wire at the edge of Doty's farm house resembled the fresh cut on the wire found in the defendant's truck were sufficiently conclusive to establish that the defendant obtained these items from the Randall Doty farm. When the inferences arising from the foregoing aspects of the instant case are considered in conjunction with the inferences arising from the clandestine manner in which the defendant attempted to obtain control over the victim's property and the fact that the victim, Randall Doty, signed the information charging the defendant with the offense of "Theft," there is sufficient evidence from which the jury was justified in finding, beyond a reasonable doubt, that the defendant's acquisition was without authorization. Hence, we find the defendant's contention that he was not proven guilty beyond a reasonable doubt without merit.

Having found defendant's only allegations of error without merit, we affirm the judgment of conviction entered against the defendant for the offense of theft.

Judgment affirmed.

CREBS and CARTER, JJ., concur.