THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* OSCAR SUAREZ, Defendant-Appellant.

(No. 74-277; ▮▮▮▮▮▮▮▮)

Second District (2nd Division)—November 26, 1975.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

William J. Cowlin, State's Attorney, of Woodstock (Daniel A. Mengeling, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

This appeal presents only one question—the sufficiency of the indictment charging the defendant with the crime of which he was convicted. The defendant was charged with theft of property worth over $150. After a jury trial he was convicted and sentenced to the penitentiary for a term of not less than 1 nor more than 3 years.

In this appeal the defendant contends his conviction is void because the indictment charging him with the offense of theft omitted the word "unauthorized" in charging that he had obtained control over the 1973 automobile in question.

Section 16—1(a)(1) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(a)(1)) defines theft as follows:

"A person commits theft when he knowingly:
(a) Obtains or exerts unauthorized control over property of the owner; [and]
(1) Intends to deprive the owner permanently of the use or benefit of the property;"

The actual indictment having omitted the word "unauthorized" from the above language, it is contended by the defendant that the indictment did not charge a crime, inasmuch as the manner of obtaining control over the property in question is an essential element of the offense of theft.

The circumstances related by the defendant in his statement to the police show that the defendant and two other youths, younger than himself, traveled from Chicago to Woodstock on the train on the day of the crime and that at least one of the other two had the intention of stealing an automobile when they started out. After they arrived in Woodstock they inquired of a police officer the directions to a place known as Pleasant Farm. Sometime after receiving these directions one of the boys noticed a car on the street with the ignition key in it. He got into the car, picked up the defendant and the other boy and proceeded toward Wisconsin in the car. They were apprehended by the police near Walworth, Wisconsin, and returned to Woodstock. Subsequently, the defendant's attorney entered into plea negotiations with the State and indicated a plea of guilty would be entered, but at the hearing on the guilty plea the defendant's statements to the court as to his guilt were so equivocal that the trial court refused to accept the guilty plea and defendant was ordered to stand trial. At his trial the defendant contended he did not know the automobile had been stolen but the jury—quite logically—believed otherwise and he was found guilty.

■■ The requisites for the sufficiency of an indictment are enunciated in section 111—3 of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 111—3). The Illinois Supreme Court has held that the indictment must apprise the defendant clearly of the charge against him so he may prepare his defense accordingly and to guard against the possibility of double jeopardy by describing the particular offense so precisely that the defendant could not be tried again for the same crime. (*People v. Ross* (1968), 41 Ill.2d 445, 448; *People ex rel. Miller v. Pate* (1969), 42 Ill.2d 283, 285; *People v. Harvey* (1973), 53 Ill.2d 585.) Indictments must, therefore, be exact in charging the particular crime and also must, by their language, charge an act which is defined by the State as being a crime. In the case before us it is clear that if the defendant

and his companions had been authorized to use and control the automobile in question they would not be guilty of theft. Therefore, since the indictment does not state they were *not* authorized, it is the defendant's contention the indictment does not charge a crime and no valid conviction can be had under such indictment.

While the fundamental purposes of an indictment remain the same, court decisions have reflected relaxations as to the niceties of pleadings generally over the past few years, including the technicalities dispensed with by the Civil Practice Act and have had their effect on the more technical aspects of indictments, so that the fundamental purposes thereof have been emphasized at the expense of traditional but nonessential wording. This trend is noticeable in recent decisions of our Supreme Court, *e.g.*, *People v. Harvey* (1973), 53 Ill.2d 585 (where the court decided an indictment for aggravated battery was valid although it omitted the statutory words "without legal justification"); *People v. Mahle* (1974), 57 Ill.2d 279 (where an indictment for deceptive practices was upheld against a contention that it was defective in not sufficiently identifying the persons deceived); *People v. Gallo* (1973), 54 Ill.2d 343 (in which an indictment for intimidation was not held void although it omitted the phrase "without legal justification" in stating the communication of a threat); *People v. Gregory* (1974), 59 Ill.2d 111 (where a burglary indictment omitted to state the ownership of the building and that entry was "knowingly" made); *People v. Pujoue* (1975), 61 Ill.2d 335 (in which the Supreme Court held that when attacked for the first time on appeal (as is the case here), a complaint is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct).

While the Supreme Court cases noted above are not on the precise point raised here as to the omission of the word "unauthorized" in a theft indictment, they confirm a trend noted in the opinion of the First Appellate District in *People v. Wade* (1970), 131 Ill.App.2d 415, which involved the exact point raised in the case before us. There the defendants were charged with theft under section 16—1(a)(1) of the Criminal Code, exactly as here and, as here, they indicated the indictment omitted the word "unauthorized" in stating that the defendants "knowingly obtained control" over the property stolen. After noting the State's argument that "the trend today is to be concerned more with the substantive rights of the accused and less with rigid technicalities, especially those dealing with pleading, and that the complaints here adequately informed the defendants of the nature and elements of the offense charged," the court said:

"We conclude that the complaint herein did state the offense of theft in compliance with Chapter 38, section 16—1(a)(1), sufficiently for defendants to know the nature and elements of the offense and to be able to prepare their defense. Here, the failure to include the word 'unauthorized,' while not desirable, was not a substantial defect and was not a necessary element so as to render the complaint fatally defective." 131 Ill.App.2d 415, 418.

In *People v. Miller*, 24 Ill.App.3d 504, in reversing its previous opinion expressed in *People v. Stewart*, 3 Ill.App.3d 699, the court (5th Dist.) noted the increasingly liberal trend as to pleadings in indictments and said, in upholding an indictment which omitted the word "unauthorized":

"In accordance with our conclusion in *White*, [*People v. White*, 22 Ill.App.3d 206] and in adherence with the supreme court decisions reviewed herein, we conclude that our holding in *People v. Stewart*, 3 Ill.App.3d 699, 279 N.E.2d 53, is not here applicable. Consequently, we adopt the position espoused by the court in *People v. Wade*, 131 Ill.App.2d 415, 264 N.E.2d 898, and followed by this court in *People v. Hayes*, 133 Ill.App.2d 885, 272 N.E.2d 423. Having thus decided, we hold that the information in the instant case, which charged the defendant with 'the offense of Theft,' was not fatally defective for its failure to allege that defendant's acquisition of control over property in question was 'unauthorized.'" *People v. Miller*, 24 Ill.App.3d 504, 508.

■■ We are inclined to agree with that holding in discerning a more liberal trend as to the niceties of pleading in our Supreme Court recent decisions dealing with errors or omissions in indictments and complaints. In *People v. Grant*, 57 Ill.2d 264, where defendant contended that the complaint charging the offense of unlawful use of weapons (Ill. Rev. Stat. 1971, ch. 38, par. 24—1(a)(4)) was fatally defective because it failed to state, in the language of the statute, that at the time of the offense defendant was not "on his own land or in his own abode," the Supreme Court said:

"An information 'which charges an offense in the language of the statute is deemed sufficient when the words of the statute so far particularize the offense that by their use alone an accused is apprised with reasonable certainty of the precise offense with which he or she is charged.' (*People v. Patrick*, 38 Ill.2d 255, at 258.) What is required is notice sufficient to prepare an adequate defense and clarity sufficient to allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct. (*People v. Harvey*, 53 Ill.2d 585, 588.) The information meets these requirements and the failure to include therein the excep-

tion provided in the statute does not render it fatally defective." 57 Ill.2d 264, 267.

The most recent pronouncement by the Supreme Court relative to the requirements of an indictment was in an opinion filed in *People v. Dickerson,* 61 Ill.2d 580. In this case the indictment charging the defendant under section 16—1(d)(1), of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 16—1(d)(1)) did not allege that the property had been stolen "by another." The court said: "The issue is whether the omission of the word 'by another' makes the indictment fatally defective for failing to allege all the elements of an offense. We find that it does not * * *." The court further said:

> "Subsection 16—1(d) is stated in the disjunctive and establishes two separate theories of theft under that subsection. In framing the second theory, the legislature chose not to include the words 'by another.' In this case it was not necessary for the State to go beyond the mere statutory language in framing an indictment, since the words 'by another,' if added, would be superfluous and redundant."

We believe the trend indicated by the more recent Supreme Court decisions may be paraphrased by saying that while substantive rights must be strictly guarded in evaluating the pleadings in criminal prosecutions, the courts should be wary of roadblocks raised by pure technicalities. In the light of this concept we believe no injustice would be done the defendant by upholding the indictment in question. He was properly apprised of the act that was alleged to have been committed, that is "that he knowingly obtained control over a 1973 Chevrolet automobile VIN 1H57K3K495982, having a value exceeding $150 the property of Janice Gluth, intending to deprive Janice Gluth permanently of the use or benefit of said property." The particulars set out as to date, place and description of the car would not allow another indictment based on the same theft. The nature of the crime in this case was such as to render the omission of the word "unauthorized" a mere clerical oversight without prejudice to the defense.

We conclude, therefore, an indictment under section 16—1(a)(1) of the Criminal Code which is otherwise proper but omits the word "unauthorized" is not thereby fatally defective.

The judgment of the trial court is hereby affirmed.

Judgment affirmed.

T. MORAN and DIXON, JJ., concur.