THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DALLAS TAYLOR, Defendant-Appellant.

Third District   No. 3—90—0429

Opinion filed January 4, 1991.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

William Herzog, State's Attorney, of Kankakee (John X. Breslin, and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The trial court convicted the defendant, Dallas Taylor, of misdemeanor theft (Ill. Rev. Stat. 1989, ch. 38, par. 16—1(a)(1)) and sentenced him to 11 months in jail. The defendant appeals.

According to an agreed statement of facts contained in the record on appeal, Leverne St. Peter testified at the defendant's trial that he worked for Bennett & Brosseau Roofing in Kankakee. As he was standing approximately three lots west of Bennett & Brosseau, he saw the defendant dragging some aluminum. St. Peter stated that Bennett & Brosseau kept unmarked scrap aluminum on its property. When asked whether anyone else in the community used this type of aluminum, he stated, "I guess we're the only ones who use this." St. Peter identified pieces of aluminum as that which the defendant had been dragging.

Deputy Ken Ponton testified that he found the defendant and St. Peter at the scene and arrested the defendant. He also seized the aluminum in question.

The defendant testified that he found the aluminum in a grassy area of some property belonging to a feed store. He thought it was abandoned and started dragging it away to sell for scrap. He acknowledged that he had not asked the feed store owner for permission to take the aluminum.

The defendant argues on appeal that the State did not prove him guilty beyond a reasonable doubt, since it failed to show that he possessed scrap aluminum belonging to Bennett & Brosseau. In particular, he notes that there was no evidence Bennett & Brosseau was even missing any aluminum, let alone any specific evidence identifying the aluminum as belonging to it.

■ Proof that one other than the accused owns or has a superior property interest in the property allegedly stolen is an essential element of the offense of theft. (*People v. Cowan* (1977), 49 Ill. App. 3d 367, 364 N.E.2d 362.) Where property is of such a character that it cannot be positively identified, circumstantial evidence may be used to prove that the items in the defendant's possession were taken from the victim. *People v. Miller* (1974), 24 Ill. App. 3d 504, 321 N.E.2d 109.

■ In the instant case, the State offered no evidence that Bennett & Brosseau was even missing any aluminum. The State argues on appeal, however, that convictions have been upheld in analogous cases. (*People v. Rogers* (1959), 16 Ill. 2d 175, 157 N.E.2d 28; *People v. Miller* (1974), 24 Ill. App. 3d 504, 321 N.E.2d 109; and *People v.*

*Mertens* (1979), 77 Ill. App. 3d 791, 396 N.E.2d 595.) We find that the cases cited by the State are inapposite. Although, as here, the property allegedly stolen in all three cases was of a type which could not be specifically identified as that which had been stolen, every case cited by the State contained evidence that identical property was missing from a specific owner. Given the lack of any such evidence in this case, we find that the State failed to prove the ownership element beyond a reasonable doubt. We must therefore reverse the defendant's conviction. *People v. Cowan* (1977), 49 Ill. App. 3d 367, 364 N.E.2d 362.

The judgment of the circuit court of Kankakee County is reversed.

Reversed.

BARRY and GORMAN, JJ., concur.